GWIN ET AL *v.* GWIN.

[77 South. 530, Division B.]

PARTITION. *Right to partition. Effect of provisions of will.*

Where a testator left the bulk of his estate to his executors to be managed by them during their lifetime, but not exceeding twenty-five years for the benefit of themselves, the testator's widow and the other children. The will further provided that on the

death of both executors but not later than twenty-five years from the testator's death, the trust should be closed up and all property divided. The estate consisted of an undivided one-half interest in real estate; the other undivided one-half of which was owned by one of the sons, who was named as one of the executors and trustees. In such case there was nothing in the will which limited the right of the son owning an undivided one-half interest in the real estate to have a partition of the lands owned by deceased, his father, and himself as tenants in common.

APPEAL from the Chancery Court of Holmes County. HON ALBERT Y. WOODWARD, Chancellor.

Suit by J. D. Gwin against W. K. Gwin and others, executors of S. D. Gwin, deceased. From a decree for complainants, defendants appeal.

This suit was filed in the chancery court of Holmes county for the purpose of obtaining the partition in kind of certain real and personal property, and also for the purpose of obtaining a construction by the court of the will of Samuel D. Gwin. The facts and circumstances bearing on the case are set out in the opinion of the court. The will is as follows:

"I, Samuel D. Gwin, a resident of Holmes County, Mississippi, being of lawful age and of sound and disposing mind and memory do make, publish and declare the following to be my last will and testament.

"Item 1. I hereby give, devise and bequeath to my sons John D. Gwin and Walter K. Gwin jointly and to the susvivor of them during their natural lives not exceeding however a period of twenty-five years from my decease all the property real, personal and mixed which I may own at the time of my death or in which I may have then any interest present or expectant for the use and benefit of themselves, and of my wife and other children, and for the purpose of carrying out the bequests, purposes and intents hereinafter expressed. I also appoint the said John D. Gwin and Walter K. Gwin executors of my last will and testament and guardian of any minor children that I may leave. In case of the death of the said named

executors or failure of either of them from any cause to act as executor, then it is my wlll that the other shall act as executor of my will and guardian of my said minor children, but such acting executor shall have all the powers and perform all the duties hereby conferred and imposed on the said John D. Gwin and Walter K. Gwin jointly, and the acts and doings of said acting executor in and about the execution of this will and trust shall have the same effect as if done and performed by the said John D. Gwin and Walter K. Gwin acting either jointly or separately as trustees, executors or guardians for the discharge of their duties as such under this will. And I further will and direct that the said John D. Gwin and Walter K. Gwin or either of them shall not be required to file or furnish any inventory of my estate or property or any appraisement to any court nor shall they be required to make any settlements final or annual of their administration of my estate or of the trusts herein created through or to any court but shall make all their accountings and settlements with my heirs and devisees direct.

"Item 2. I have advanced to my sons John D. Gwin and J. E. Gwin in money and property exclusive of the property named in the next item of this will, the sum of five thousand dollars each, and if I have not prior to my death made advancements of like amount to my other children, I direct that my said executors shall pay the sum of five thousand dollars to such of my children as shall not have received from me such advancement during my lifetime. The said John D. Gwin and J. E. Gwin are not to be charged any interest on the above amount advanced to them in the final distribution of my estate.

"Item 3. I have hertofore given to my sons John D. Gwin, J. E. Gwin, Walter K. Gwin and to my daughter Mrs. J. B. Hutton each forty shares or four thousand dollars of stock in the Tchula Co-operative Store, located at Tchula, Miss., and I will and direct that if at the time of my death I shall not have given a like number of

shares or stock in said store to each of my other children, then my said executors shall assign and transfer forty share or four thousand dollars of stock in said store to such of my children as shall not have received that amount during my lifetime. Any other gifts made by me to any of my children heretofore shall not be construed as advancements to them but as gifts from me.

"Item 4. The balance of my estate real, personal and mixed in possession or expectancy after the payment of all my liabilities and above bequests shall remain in the charge, possession and control of the said John D. Gwin and Walter K. Gwin, and the survivor of them during their natural lives for a period not exceeding twenty-five years from my death to be by them or the survivors managed, operated and controlled for the benefit of themselves and of my wife and my other children and for the carrying out of the bequests and purposes hereinafter named. The said John D. Gwin and Walter K. Gwin or the survivor shall have full power and authority to manage, operate and conduct my estate and various enterprises to make all proper and necessary contracts for the operation, management and conduct of same, including the power to borrow money, and to secure the repayment thereof by pledge or mortgage of my property real, personal or mixed. They or the survivor shall have the power to lease, sell and by deed of other instrument to convey for cash or otherwise any of my estate real, personal or mixed to invest the proceeds of said sale or any part thereof and the income of said properties, or my estate, after paying the specific amounts hereinafter named in anyway they or the survivors sees proper for the use and benefit of my estate.

"Item 5. Out of the income of my estate, I direct that my executors or the survivor during their or his administration of my estate shall pay my wife annually the sum of twenty-five hundred dollars or if she prefers it one-sixth of the net annual income of my estate.

They shall also pay annually out of said income dur-
ing their administration of this trust the premiums on
the life insurance policy of my daughter Mrs. J. B.
Hutton in the Union Central Insurance Company of
Cincinnati, Ohio, amounting to two hundred forty-five
dollars and five cents, which amount is to be charged
up as a part of the current expenses of my estate and
not against my said daughter. I hereby authorize and
direct my said executors to pay out of said income a sum
not exceeding six hundred dollars per year or as much
thereof as necessary to Mrs. Claude R. Keirn for the sup-
port of herself and daughter Nellie, if she the said Mrs.
Claude R. Keirn should not be able to support herself
and daughter Nellie out of her own estate. My said
executors are to be the sole judges of the necessity of
paying said amount or any part thereof to the said Mrs
Claude R. Keirn. I also direct my said executors out
of said income shall pay the expenses of my niece Nellie.
Keirn whilst she is attending school or college as a
student.

"Item 6. The balance of the net income arising
from the operation of my estate shall in the discretion
of my said executors or the survivor of them be dis-
tributed amongst my children, or reinvested, or a part
may be reinvested and a part distributed as my execu-
tors shall deem best.

"Item 7. At the death of both the said John D.
Gwin and Walter K. Gwin, but not later than twenty-
five years from my death, it is my will that the estate
and the trust hereby created be closed up as soon as
practicable, and all the property then on hand including
the accumulation whilst in the hands of my executors be
divided between my wife and children share and share
alike, a deceased child's heirs to take a deceased child's
portion.

"Item 8. As long as both of my sons John D. Gwin
and Walter K. Gwin jointly act as executors each shall be

paid the sum of one thousand dollars to be charged as part of the current expenses of my estate. If by reason of death or other cause only one of them shall act as executor then the one so acting as executor shall receive the sum of two thousand dollars per year for his services to be charged as part of the current expenses of my estate.

"In witness whereof I have hereunto, affixed my signature this the 17th day of February, 1904.

[Signed]   S. D. Gwin.

"Signed, published and declared by the said S. D. Gwin to be his last will and testament in our presence, who at the request of said Samuel D. Gwin and in his presence and in the presence of each other have hereto set our signatures as witnesses this the 17th day of February, 1904.

"[Signed] S. M. Cox:
"J. M. Jones."

*P. P. Lindholm,* for appellants.

*Boothe & Pepper,* for appellee.

Cook, P. J., delivered the opinion of the court.

S. D. Gwin, a resident of Holmes county, died testate in 1908, and his last will and testament was duly probated. This will was construed by this court in *Gwin et al.* v. *Hutton et al.,* 100 Miss. 320, 56 So. 446, to which case reference is here made. The estate of the testator consisted of an undivided one-half interest in certain real estate. The owner of the other undivided one-half interest of this land was J. D. Gwin, son of the testator, and one of the executors and trustees named in the aforementioned will.

In the instant case J. D. Gwin filed a bill asking that the said real estate be partitioned in kind between himself and the beneficiaries of the will of S. D. Gwin, de-

ceased. The chancellor entered a decree sustaining the prayer of this bill, appointed commissioners to make the partition as prayed for, and on the coming in of the report of the commissioners the real estate was partioned, and from this decree this appeal was prosecuted.

The question for our decision is thus stated in the briefs of counsel, viz.:

"Appellants desire this court to pass upon the decrees of the court below, ordering division and partition of the property owned by J. D. Gwin and the late S. D. Gwin as copartners, at the time of the death of Capt. Gwin, and whether or not the terms and conditions contained in the last will and testament of Capt. Gwin, as construed by this court in the case of *Gwin* v. *Hutton,* 100 Miss. 320, 56 So. 446, in any wise affect the right of J. D. Gwin as a copartner not as heir or beneficiary, to a division in kind of the joint property owned by him and his father, at the time of his death, and which had been kept together under joint control and management with the executors and trustees until the division in kind made by the chancery court of Holmes county. Since that date.J. D. Gwin has been in exclusive possession if his divided half of the joint estate, and J. D. Gwin and W. K. Gwin, executors and trustees of the estate of S. D. Gwin, in exclusive possession, control, and management of the divided half of the joint property, all of which is set out in detail, item by item, in the decree of partition."

We do not think that there is anything in the will of S. D. Gwin, deceased, which in any way limits the right of J. D. Gwin to have a partition of the lands owned by deceased, his father, and himself, as tenants in common. Quite a different question was presented in *Gwin et al* v. *Hutton et al., supra.* In that case the court was considering the estate of the testator, and it appears in this record that his estate consisted of an undivided one-half interest in the lands mentioned in the decree, and when

the decree partitioning these lands was entered, the estate devised was then the lands set apart as the lands of the estate. Of course, as to the lands so named the trust imposed in the will must be carried out by the executor.

*Affirmed.*