. No. 2981 .

Second Circuit

———

## NOLAN v. CITY OF SHREVEPORT, ET ALS.

———

(November 10, 1927. Opinion and Decree.)

———

(*Syllabus by the Editor*)

EXCEPTION NO CAUSE OF ACTION

1.—Louisiana Digest—Negligence—Par. 38; Municipalities—Par. 227.

An allegation in a petition that a gas pipe had been negligently constructed in the street is sufficient allegation under which to show negligence and states a cause of action.

2. Louisiana Digest—Negligence—Par. 38; Municipalities—Par. 227.

There being no law requiring plaintiff in a damage suit to allege that she was in the exercise of ordinary care, an allegation that an obstruction had been negligently placed in the street over which she fell is sufficient to state a cause of action.

**3. Louisiana Digest — Municipalities — Par. 227; Pleading—Par. 23, 62.**

The general rule is that one using the street of a city may presume that it is not obstructed and that she exercised ordinary care. Therefore, where plaintiff alleges that she became alarmed and hastened out of the house and across the street and in doing so tripped on an obstruction, she states a cause of action.

## ON THE MERITS

**4. Louisiana Digest — Municipalities — Par. 263.**

Where a street is sufficiently lighted for one to see an obstruction, one is negligent in rushing over this obstruction while a child is in her arms without first observing the obstruction.

**5. Louisiana Digest — Municipalities — Par. 262, 263, 265.**

One is excused for the lack of ordinary care where the emergency was produced by the act of the defendant, but this excuse will not apply to the lack of ordinary care by one rushing across the street because of a child and not because of any act of the city.

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo. Hon. E. P. Mills, Judge.

Action by Mrs. Lee Nolan against the City of Shreveport, et als.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Galloway & Johnson, Shreveport, attorneys for plaintiff, appellant.

Hunter, Morgan & Hunter, Shreveport, attorneys for defendants, appellees.

WEBB, J. In this action plaintiff, Mrs. Lee Nolan, seeks to recover judgment against defendants, City of Shreveport and Southwestern Gas & Electric Company, for damages resulting from injuries alleged to have been sustained by plaintiff while crossing a street in the city of Shreveport as a consequence of plaintiff's having fallen on a gas shut-off pipe constructed by the Gas Company and maintained by defendants in the street.

The defendants excepted that the petition failed to state a cause of action, which was overruled, and they answered denying any negligence and, in the alternative, alleged that plaintiff was guilty of contributory negligence; and the cause being tried on the issues presented, judgment was rendered rejecting her demands, from which she appeals, and defendants, answering the appeal, pray that the exception filed by them be sustained, and, if not, that the judgment appealed from be affirmed.

## EXCEPTION OF NO CAUSE OF ACTION

The exception is apparently urged upon the following grounds:

1. That there is not any well-pleaded fact of negligence on the part of defendants.

2. That plaintiff did not allege she exercised ordinary care in crossing the street.

3. That the facts alleged show that plaintiff was guilty of contributory negligence.

## I.

The plaintiff alleged that the gas shut-off pipe on which she tripped and fell had been negligently constructed in the street by the Gas Company about three years prior to the date of the accident and that in installing the gas shut-off pipe it had been left standing approximately eight inches above the surface of the street, thereby rendering it a very dangerous obstruction to the life and limbs and safety of the public, and, further, the pipe was located in the street directly in front of plaintiff's residence, thus rendering it especially dangerous to one attempting to cross the street from plaintiff's residence; and further, that the pipe had been permitted to remain in the same condition and place since its construction to the date of the accident, to the knowledge of defendants. Plaintiff also alleged that the city of Shreveport had failed to properly light the street.

Ignoring the allegation as to the street not being properly lighted, in considering the exception, we are of the opinion that the allegation that the gas shut-off pipe was installed in the street in such manner as to leave it extending eight inches above the surface of the street, is one of fact and shows the street was obstructed, and while the extent of the obstruction may have been set forth with greater particularity as by stating the diameter of the pipe, yet we think that was a matter of which the defendants may have availed themselves by an exception of vagueness (James vs. City, 151 La. 480, 91 So. 846), but that any obstruction of a street being unlawful the allegation was sufficient.

## II.

While the plaintiff does not allege that she exercised ordinary care in crossing the street, counsel do not cite any authority holding that such an allegation was necessary, and in Buechner vs. City of New Orleans, 112 La. 599, 36 So. 603, a cause in which damages were awarded for an injury sustained through the negligence of the city to maintain the street in a safe condition, it was said:

"In order to make out a prima facie case, the plaintiff must allege and prove that he was injured by the fault or negligence of the defendant. * * * It is true, as a general rule, that if the evidence shows that plaintiff was also at fault, and that the concurring fault of both parties produced the injury, plaintiff cannot recover. But it does not follow that plaintiff must allege and prove that he was without fault."

It is true that the rule of law is that the city is only bound to maintain its streets in a reasonably safe condition for persons exercising ordinary care, and while it may be that the plaintiff should allege facts showing that the street was not in such condition, in order to charge the city with negligence, yet we think that the allegations of fact showing that an obstruction had been placed in the street, is sufficient for that purpose, and in default of any law requiring plaintiff to allege that she was in the exercise of ordinary care, we think it may be assumed she was in the exercise of ordinary care.

## III.

The contention that plaintiff alleged that she was guilty of contributory negligence is based upon plaintiff's allegations of the circumstances occurring just prior to and at the time she attempted to cross the street, which were in substance that: A neighbor's child who lived across the street from plaintiff was visiting her at about 8 o'clock on the evening of the

accident, was suddenly seized with violent chills and rigors, and that plaintiff became alarmed, and took the child in her arms and hastened out of the house and across the street, and in so doing she tripped on the gas shut-off pipe and fell, sustaining the injuries of which she complains.

While the action of plaintiff may have been imprudent from some points of view, it does not necessarily follow from the pleadings that it was so; she did not allege that she knew of the obstruction in the street or that she proceeded heedlessly and without regard to the way, and we cannot presume the existence of such conditions; but, on the other hand, in view of the general rule that one using the streets of a city may presume that it is not obstructed, and that she exercised ordinary care, we are of the opinion the court properly held that plaintiff did not allege that she was negligent, and the exception was properly overruled.

## MERITS

On trial the evidence established that the accident occurred in the sparsely settled portion of the city on an unimproved street in the center of which the city had graded a roadway for vehicular traffic leaving on each side of the roadway in its natural condition a space of about nineteen feet. The gas shut-off pipe which was several inches in diameter was constructed and located by the Gas Company as alleged by plaintiff; it extended approximately eight inches above the surface of the ground and was located at a point near the roadway (within the nineteen feet above referred to) directly in front of and at a distance of about fifty feet from plaintiff's residence.

The plaintiff knew of the condition and location of the gas shut-off pipe, having had occasion to observe it since its construction, and on the occasion of the accident plaintiff was proceeding from her residence to a neighbor's residence directly across the street and carrying in her arms a child of about three years of age, and as she was crossing she tripped on the gas shut-off pipe and fell into the street.

The plaintiff was a frail woman, very nervous, having been in poor health for several years prior to the accident, and when the child who was visiting her showed some symptoms of being chilled, plaintiff became unnecessarily alarmed, and, in her haste to get the child home, she attempted to cross the street, oblivious of the way (although the evidence shows that the light was sufficient to have enabled plaintiff to have seen the obstruction and other unevenness in the roadway) and she fell with the child in her arms.

Conceding, without deciding, that the city was bound to maintain that portion of the street where the shut-off pipe was located in a reasonably safe condition for persons using the street in the exercise of ordinary care, it must be conceded that plaintiff cannot recover (Whalon vs. Sewerage & Water Board, 142 La. 735, 77 So. 530; Peetz vs. St. Charles Street R. R. Co., 42 La. Ann. 540, 7 So. 688; Burke vs. Tricalli, 124 La. 774, 50 So. 710), unless it can be said that the failure to exercise ordinary case was excusable by reason of her alarm occasioned by her anxiety at what she conceived to be the condition of the child.

The authorities which are cited by the plaintiff in support of her contention in that respect we do not think are in point.

In Mayronne vs. Keegan, 117 La. 661, 42 So. 212, in which the syllabus on original hearing reads:

"Where a boy ten years of age was walking at night on a public levee, and was frightened by dogs, and thereupon ran down into a street and came into violent contact with certain pieces of machinery negligently left in the public thoroughfare by the employees of the defendant, and was thereby seriously injured, the defendant will be held responsible in damages.

"In such cases the unlawful obstruction of the street is the proximate cause of the injury, and it is no excuse that defendant did not anticipate that any person would approach the street from the levee or would be frightened therefrom by the pursuit of dogs"—

is distinguishable from the present case in many respects, and especially in that the plaintiff in the case cited acted in an emergency where his safety was apparently imperilled, while in the present instance the assumed emergency or peril under which the plaintiff acted related to another, and in such situation it is generally conceded that in order for the person injured to be excused from exercising ordinary care, or negligence, the emergency must have been produced by the act of the defendant (R. C. L., Negligence, Vol. 20, Sec. 108 et seq.; 29 Cyc. 524); and it is not, of course, contended that the emergency in which plaintiff acted was created by the defendants.

There are other cases cited by plaintiff in which a pedestrian was held not to have been guilty of negligence in failing to observe an obstruction or defect in the street by reason of the fact that his attention was diverted from the street on account of it being necessary for him to observe the traffic, or in having his attention directed to other matters which the city should have reasonably apprehended would be the case; which, of course, are recognized to be distinguishable from the present case.

The judgment appealed from is affirmed.