(155 App. Div. 108.)

### REILLY v. BARBER ASPHALT PAVING CO.

(Supreme Court, Appellate Division, First Department. February 7, 1913.)

MUNICIPAL CORPORATIONS (§ 809*)—STREETS—DANGEROUS SUBSTANCES—CARE REQUIRED.

 A paving company, repairing a spot in a part of a street where there was no crosswalk, by putting down asphalt, which its employés were waiting to roll after the short time it required to cool, was not negligent in not having a guard stationed upon the sidewalk, so as to be liable to a small boy, who left the custody of his nine year old sister, went to the edge of the sidewalk, fell into the hot asphalt, and was burned.

 [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1688–1694; Dec. Dig. § 809.*]

Appeal from Trial Term, New York County.

Action by Luke Reilly, an infant, by guardian, against the Barber Asphalt Paving Company. From a judgment entered on verdict, and from an order denying motion for a new trial, defendant appeals. Reversed, and complaint dismissed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

 Frederick W. Catlin, of New York City, for appellant.
 Harold A. Callan, of New York City, for respondent.

---

PER CURIAM. On the 4th of August, 1910, the defendant, under a contract with the city of New York, was engaged in repairing a portion of Eighth avenue, between 152d and 153d streets. The repairs consisted in putting down asphalt over spots or small places where it had been worn out. When the asphalt was put down, it was heated to a high temperature, then allowed to cool, and a roller of heavy weight put over it. One of these spots was some 25 feet in length and 2 or 3 feet in width. At the time in question, the plaintiff, between two and three years of age, in the custody of his sister, about nine years of age, was on the sidewalk immediately adjoining this spot, when he suddenly broke away from her, went to the edge of the sidewalk, and fell into the asphalt, sustaining burns about the hands and face. This action was brought to recover the damages sustained. He had a verdict, and defendant appeals.

It is sought to sustain the recovery upon the ground that the defendant was negligent in not having a guard stationed upon the sidewalk to warn the plaintiff, or having some barrier around the spot to prevent his falling into it. This was the theory upon which the case was submitted to the jury. There was practically no conflict in the testimony. It showed that the asphalt, when put down, would cool in a very short time; that the employés of the defendant were only a short distance from it, waiting for it to cool, so that the roller could be put over it; that this spot was not near a crosswalk, but in a part of the roadway where pedestrians did not ordinarily go; that there was a barrier at each crosswalk to prevent people walking or driving on that portion of the street; that for upwards of 10 years similar work had been done in a similar way, during which time an accident like this one had not occurred; and that no different precautions had been taken.

We think it would be unreasonable to hold, considering the temporary character of the work being done, that the defendant was negligent in not anticipating that an accident of this kind might occur. The finding of the jury that it was negligent is without evidence to sustain it, and for that reason the motion to dismiss should have been granted.

The judgment appealed from is reversed, and the complaint dismissed, with costs of the action in this court to the defendant.