NICHOLAS SHALATA and GABRIEL COMPOSTO, as Administrators, etc., of PHILIP SHALATA, Deceased, Respondents, v. JOHN C. RODGERS, JR., Appellant.

First Department, November 7, 1919.

Negligence — action against municipal contractor — death of child by drowning while trespassing upon sewer construction — evidence not justifying recovery — charge equivalent to direction of verdict for defendant — finding by jury contrary to instruction.

A municipal contractor engaged in constructing a sewer extending from a street in the city of New York and emptying into the East river cannot be held liable for the death of a boy six years of age who, leaving a public recreation ground in the vicinity, went through an opening broken in the fence inclosing the recreation ground and went out upon concrete works constructed by the defendant and upon a cofferdam from which he fell into the river and was drowned, there being no evidence whatever that the defendant was in any way responsible for the opening in the park fence through which the intestate reached the sewer, or any evidence that it was the defendant's duty to close the opening.

Moreover, the defendant cannot be charged with negligence in failing to erect a fence or guard across the street to prevent children from going upon the concrete work erected, and especially so as the street at the point in question was open for the use of the public to reach the East river the same as any other thoroughfare.

Where the court in substance charged that if the intestate was rightfully upon the sewer the defendant would not be liable for a failure to put him off or keep him off, and also charged that there could be no recovery for the defendant's failure to keep the intestate from going into a place of danger and that there could be no recovery if the intestate had no right to go upon the sewer, there was in effect a charge that there could be no recovery whether the intestate were rightfully or wrongfully upon the sewer, and hence a verdict for the plaintiff disregarded the instructions which were tantamount to a direction of a verdict for the defendant.

APPEAL by the defendant, John C. Rodgers, Jr., from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 20th day of December, 1918, upon the verdict of a jury for $2,000, and also from an order entered in said clerk's office on the 23d day of December, 1918, denying defendant's motion for a new trial made upon the minutes.

*Clarence S. Zipp* of counsel [*Amos H. Stephens*, attorney], for the appellant.

*Thomas G. Price* of counsel [*Bernard Bogart*, attorney], for the respondents.

MERRELL, J.:

Plaintiffs herein have recovered judgment against the defendant in the sum of $2,337.53, based upon the verdict of a jury in plaintiffs' favor and against the defendant in an action brought to recover damages for the death of plaintiffs' intestate, which it is alleged occurred by reason of the negligence of the defendant.

The complaint was framed so as to enable the plaintiffs to prosecute their action both upon the theory of a nuisance created by the defendant, and also upon the theory that the death of plaintiffs' intestate was caused by the defendant's negligence. At the close of the evidence counsel for the plaintiffs elected to go to the jury on the question of negligence only.

On the afternoon of May 15, 1917, plaintiffs' intestate, a boy six years of age, was drowned at the foot of East One Hundred and Fourteenth street, in the borough of Manhattan. Until shortly before the drowning of plaintiffs' intestate East One Hundred and Fourteenth street east of Pleasant avenue was unimproved, and was unused as a public thoroughfare. Not long prior to the accident to plaintiffs' intestate a contract was let by the city of New York to the defendant to extend the sewer on East One Hundred and Fourteenth street easterly from Pleasant avenue to the water-front and emptying into the East river. Immediately south of East One Hundred and Fourteenth street along the course of said sewer is situated the Thomas Jefferson Park, said park being laid out in lawns and paths, and devoted to the use of the public for recreation purposes. On its north side, along East One Hundred and Fourteenth street to the river, this park was guarded by a seven-foot iron fence and from said iron fence easterly from high-water mark to low-water mark on the East river, and thence southerly along the East river was constructed a cement coping surmounted by a fence built of iron piping with a metallic network. This last-mentioned coping and iron fence surmounted the so-called bulkhead or seawall extending southerly from East One Hundred and Fourteenth street along the water front to East One Hundred and Eleventh street. The evidence shows that in constructing the sewer for which defendant had the contract, work was commenced at about low-water mark and in nearly the middle of East One Hundred and Fourteenth street, and said sewer was built from thence along the middle of said street in a westerly direction to Pleasant avenue and from there extending westerly to First avenue, where it connected with the other sewers of the city. The newly-constructed sewer was of reinforced concrete. In the construction of the sewer considerable dirt was excavated, which was carted down East One Hundred and Fourteenth street and dumped upon the slope and into the river, thus, to some extent, filling up the river at that point and extending the street. At the westerly end of the fence of iron piping extending from the bulkhead on East river and for a distance of forty-five feet upon the southerly side of East One Hundred and Fourteenth street and at the

point where the higher iron fence bounding the park on the north commenced, an opening had at some time been made by someone. The evidence does not disclose who made this opening, nor is defendant connected in any way therewith, except that a witness for plaintiffs, a boy fourteen years of age, testified that the defendant's employees used said opening to some extent in carrying on the work of constructing the sewer. Defendant, his superintendent of construction, and employees engaged upon the work deny such use. The evidence fails to show when or by whom said opening was made. The evidence is that the plaintiff's intestate wandered from the park, through this opening in the fence, and upon the fill that had been made by defendant, and proceeded thence out upon the concrete sewer and to a cofferdam which the defendant had erected in the course of his work, fell therefrom into the river, and was drowned. This sewer, except for a distance of from twenty to forty feet from its end, was covered, but for said distance the top of the sewer and, for a few feet, its sides, until hidden by the slope of the bank, were exposed. The exposed portion of the sewer, rectangular in shape and level on top, was about ten feet wide and eight feet in depth. At high tide the water rose to within about a foot of the top. Outside of the sewer the defendant had erected the cofferdam from which the deceased fell into the river. At the time of the accident the work on the sewer, from its mouth westerly, had been completed, except that the cofferdam had not been removed.

In their complaint, plaintiffs allege that the boy came to his death as the result of negligence on defendant's part in failing to construct and maintain a safe structure, in failing to guard the cement work with appliances and safeguards, and allowing the gateway through the fence from the park to remain open, unprotected and unguarded. The plaintiffs, respondents, now seek to sustain their recovery upon the theory that the defendant was negligent in failing properly to guard the foot of East One Hundred and Fourteenth street by a proper fence or guard to prevent the intestate walking or falling off the construction work and into the river.

Upon the proofs adduced upon the trial, I think the plaintiffs failed to establish any negligence on defendant's part.

Plaintiffs' intestate wandered through the opening in the fence to and upon the street, and walked thence easterly a distance of twenty feet or more to the uncovered portion of the concrete sewer which had been constructed by defendant under his contract with the city. The boy then walked out upon the concrete work, and from thence upon the cofferdam, fell off and was drowned. No evidence was given upon the trial from which the jury could have found the defendant in any manner responsible for the opening in the park fence through which it is claimed plaintiffs' intestate passed to reach the concrete sewer, nor did it appear that defendant was in duty bound to close such opening. Indeed, the whole street, from Pleasant avenue easterly, was open, and there was nothing to prevent children going down the street and walking out upon the sewer construction work, as did the plaintiffs' intestate.

The respondents further claim that the defendant was negligent in failing to erect some fence or guard across the street to prevent children going upon the concrete work which he had erected. As well might one who was employed to construct a wharf or dock at the foot of any street of the city be called upon to fence off the dock after his work was completed. No possible duty rested upon the defendant thus to guard against children or pedestrians or vehicles coming down the street and going into the river. So far as the evidence shows, East One Hundred and Fourteenth street, at the point in question, was, at the time, open for use of the public in reaching the East river as much as any other thoroughfare of the city, and merely because the defendant, in constructing the sewer, built a structure some eight feet above the water at low-water mark does not render him liable for accidents befalling children or others who might walk out upon the sewer and fall therefrom. No duty rested upon him to guard against such accident by the erection of fences, barriers or otherwise.

The appellant also assigns reversible error to the failure of the jury to heed the court's instructions as to the law applicable to the case. At the close of the court's main charge to the jury, counsel for the defendant requested the court to charge the jury in the following language: " I ask Your Honor to charge the jury that if the plaintiff had a right to be on the

sewer, then the defendant is not liable, because he didn't put him off it or keep him off it." To such request the court complied.

Defendant's counsel further asked the court, as follows: "I ask Your Honor to charge that if the plaintiff had no right to be on the sewer at all, he was a trespasser, and he cannot recover." The court likewise acceded to this request of defendant's counsel.

Under the first of said requests the court, in effect, charged the jury that if the plaintiff's intestate was rightfully on the sewer the defendant would not be liable for failure, either to put him off it or keep him off it, which, in effect, was tantamount to instructing the jury that there could be no recovery by reason of defendant's failure to keep plaintiffs' intestate from going into the place of danger, and of itself would seem to absolve defendant from any duty to guard.

By the second charge above mentioned, the court charged the jury that there could be no recovery if plaintiffs' intestate had no right to go upon the sewer.

Thus, under the charge of the court, in either event, whether the plaintiffs' intestate was rightfully or wrongfully upon the sewer, there could be no recovery. Such instruction by the court was tantamount to a direction that the jury find for the defendant. By their verdict, the jury evidently disregarded such instructions, and, even though the evidence had been sufficient to establish defendant's negligence, the verdict of the jury would be set aside as contrary to the law of the case as charged by the court.

But, for the reasons before stated, I do not think the plaintiffs established, by their evidence, any negligence on the part of the defendant.

The judgment and order appealed from should be reversed and the complaint dismissed, with costs.

CLARKE, P. J., LAUGHLIN and DOWLING, JJ., concurred; SMITH, J., concurred in result.

Judgment and order reversed, with costs, and complaint dismissed, with costs.