(36 South. 603.)

No. 14,857.

BUECHNER et ux. v. CITY OF NEW OR-
LEANS.*

(April 11, 1904.)

MUNICIPAL CORPORATIONS—DEFECTIVE BRIDGE
— INJURY TO PEDESTRIAN — NEGLIGENCE —
CONTRIBUTORY NEGLIGENCE — BURDEN OF
PROOF—CARE REQUIRED OF CHILDREN—QUES-
TION FOR JURY—EVIDENCE—PLEADING.

1. The court below did not err in excluding
testimony offered to show contributory negli-
gence, when no such defense had been pleaded.

In actions for personal injuries, the burden
of proof is on defendant to show that plaintiff
was guilty of contributory negligence. Inland
& Seaboard Coasting Co. v. Tolson, 139 U. S.
551, 11 Sup. Ct. 653, 35 L. Ed. 270; Washing-
ton & Georgetown R. Co. v. Harmon's Adm'r,
147 U. S. 571, 13 Sup. Ct. 557, 37 L. Ed. 284.

Such negligence is a matter of defense, and
must be specially pleaded to avail defendant.
Rapalje & Mack's Digest, vol. 3, Nos. 75, 76, p.
281; Beach, Contributory Negligence, §§ 440–
443.

2. The doctrine that plaintiff in such actions
must allege and prove that he was without
contributory fault is overruled in so far as it
has been recognized in the jurisprudence of the
state of Louisiana.

3. Where it is shown that a boy between eight
and nine years of age fell through a hole in a
city bridge and was drowned, the question of his
contributory negligence (arising on evidence
introduced without objection) was one of fact
to be determined by the jury, after considering
his maturity and capacity and all the circum-
stances of the case. Westerfield v. Levis, 43
La. Ann. 69.

4. The city owed to the public the duty of
keeping the bridge in a safe condition for pub-
lic use, and is liable for special injuries result-
ing from neglect to perform this duty, after
reasonable notice of the defective condition of
the structure. Dillon's Munic. Corp. (3d Ed.)
§ 1017.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of
Orleans; Walter Byers Sommerville, Judge.

Action by Daniel Buechner and wife
against the city of New Orleans to recover
damages for personal injuries. From a judg-
ment for plaintiffs, defendant appeals. Af-
firmed.

---

*Rehearing denied May 11, 1904.

Edward Stanley Whitaker, Asst. City
Atty., for appellant. Arthur John Peters,
Frederick Deibel, Jr., and James Wilkinson,
for appellees.

LAND, J. Plaintiffs sued the defendant
to recover the sum of $15,160, damages for
personal injuries suffered by their minor son,
Albert, and sustained by them by reason of
his death, alleged to have been occasioned
by his falling through a hole in a defective
bridge over the Mobile Street Canal. Plain-
tiffs alleged that they and their son were
without fault.

The defendant is charged with negligence
in not keeping the bridge in a safe condition,
and especially in permitting a dangerous
hole in one of the passageways to remain
open for some time.

The defendant pleaded the general issue.

The case was tried, and the result was a
verdict for $6,000 in favor of plaintiffs.

Defendant did not move for a new trial,
but took an appeal from the judgment.

During the trial of the case the defend-
ant's counsel asked a witness on the stand
the following question:

"Then that Mobile Bridge is the most un-
safe of the two?" The question was object-
ed to as irrelevant, and the court inquired
what was the object of the question. There-
upon counsel for defendant made the follow-
ing statement, viz.: "The object of the ques-
tion is to show that there were two routes
from the home of this boy to that school, and
it was not necessary for him to take the
route where this plank was out; that, be-
ing an intelligent, bright fellow, he had been
warned that there was a hole there, and it
had been there for three weeks, and there
was another bridge where there was no hole
like that, which would be more safe, and
just as near for him to take to go to school."

Whereupon, the trial judge ruled as fol-
lows, viz.: "That amounts to contributory
negligence, and that has not been pleaded.

The objection is sustained." Defendant's counsel reserved a bill of exception.

The question raised by this bill is one of great importance, and the decisions on the subject are confusing, conflicting, and unsatisfactory.

The weight of the more recent decisions is in favor of the proposition that "contributory negligence is a matter of defense, and, to be availed of, must be pleaded." See Rapalje & Mack's Digest, vol. 3, Nos. 75, 76, p. 281; Beach, infra.

It has been the uniform jurisprudence of the Supreme Court of the United States that the burden of proof is on defendant to show that the plaintiff was negligent, and that his negligence contributed to the injury. See Inland & Seaboard Coasting Co. v. Tolson, 139 U. S. 551, 11 Sup. Ct. 653, 35 L. Ed. 270; Washington & Georgetown R. Co. v. Harmon's Adm'r, 147 U. S. 571, 13 Sup. Ct. 557, 37 L. Ed. 284.

If this be a correct proposition of law, it follows that defendant must plead what he is bound to prove. What a party does not allege, he cannot prove. Hennen's Digest, vol. 2, p. 1155, No. 3.

Beach states that the rule adopted by the United States Supreme Court prevails in England, and 20 states of the Union, and that defendant, under this rule, must allege and prove the concurrent default of plaintiff. Cont. Neg. §§ 440–443.

The doctrine that the defendant may prove, without alleging, contributory negligence, rests on the premise that plaintiff must allege and prove, either affirmatively or by inference, that he was without fault. From this point of view, evidence that the injury was occasioned by the concurring fault of the plaintiff is admissible in rebuttal of the evidence adduced on his behalf to show that he exercised due care and caution. Several of our own state decisions enunciate this doctrine in a general way, but the clear-cut question is for the first time presented to this court by objections to the admissibility of testimony to prove contributory negligence. Where the evidence is all in without objection, it is unnecessary to pass on the question of the burden of proof. Ryan v. Railway, 44 La. Ann. 806, 11 South. 30. But in all cases the preponderance of the evidence as to contributory negligence must be on the side of the defendant. The law presumes, in the absence of evidence to the contrary, that plaintiff was free from negligence. Baltimore & Potomac R. Co. v. Landrigan, 191 U. S. 461, 24 Sup. Ct. 137, 48 L. Ed. 262.

In order to make out a prima facie case, the plaintiff must allege and prove that he was injured by the fault or negligence of the defendant. Civil Code 1838, art. 2315. It is true, as a general rule, that if the evidence shows that plaintiff was also in fault, and that the concurring fault of both parties produced the injury, plaintiff cannot recover. But it does not follow that plaintiff must allege and prove that he was without fault. Plaintiff is not required to prove that he was without negligence. Washington & Georgetown R. Co. v. Harmon's Adm'r, 147 U. S. 571, 13 Sup. Ct. 557, 37 L. Ed. 284.

The defense or plea of contributory negligence is in the nature of a confession and avoidance. It, standing alone, necessarily admits that the plaintiff was injured by the negligence of defendant. Otherwise it is irrelevant.

Our opinion is that contributory negligence must be pleaded by defendant, and, in the absence of such plea, evidence is not admissible to show that plaintiff was guilty of negligence.

As the plaintiff is required to allege, with legal certainty, injury from the negligence of the defendant, there is no reason why the defendant should not be required to allege the concurring negligence of the plaintiff. Our decision, however, is confined to the particular question raised by the bill of

exception, and does not conclude the question of contributory negligence arising on evidence admitted without objection, or where it is shown by plaintiff's evidence.

The decisions or dicta of this court contrary to the views herein expressed are overruled.

The conclusions which we have reached are in accord with the settled jurisprudence of the Supreme Court of the United States, which, for the sake of uniformity, should have great and controlling weight in the decision of questions of this nature.

The law presumes that a child of tender age is incapax culpæ, and we have held that the defendant must allege and prove exceptional capacity and maturity. Westerfield v. Levis, 43 La. Ann. 69, 9 South. 52.

The same principle applies to a case where the law presumes that the plaintiff is free from contributory negligence.

In this court defendant's counsel contends, in his argument and brief, that the evidence does not show with reasonable certainty that plaintiff's son fell through the hole in the bridge over the Mobile Street Canal.

The undisputed evidence is that on the day of the tragic accident, and for a week or more previously, there was a hole, some 3 feet in length and from 12 to 15 inches in width, in one of the footwalks of the bridge in question. The witnesses concur in the statement that the hole was large enough for a man to pass through, and that the general condition of the bridge was very bad.

A sergeant of police testified that this condition had been reported to the proper authorities.

The child was drowned, in all probability, about noon. His body was recovered early in the evening of the same day. It was found immediately beneath the hole in the bridge. The water was shallow and stagnant, and the mud beneath was soft and deep.

One of the witnesses said: "When we pulled that boy up, mud and everything came up. The child was underneath the mud."

The witnesses testified to bruises and cuts on the body that might have been readily produced by a fall through the hole in the bridge. Several of them testify to seeming flesh marks on a large nail or spike which was on the inner edge of the hole. All the circumstances point to the conclusion that the child fell through the bridge. The stagnant condition of the water and the deep mud repel the inference that the child fell in the canal at some other point and was borne by current or struggled through the mud and water to the place beneath the bridge where the body was found. Falling through the hole, the impetus of the descent would naturally bury the body in the ooze beneath. There is no circumstance suggesting that the boy met with violence when he was returning home from school on that bright day in June.

We are of opinion that the finding of the jury that the boy fell through the hole in the bridge is sustained by the evidence.

There was no plea of contributory negligence. If defendant desired to show that the child was of exceptional capacity and maturity the matter should have been pleaded in the answer. Westerfield v. Levis Bros., 43 La. Ann. 69, 9 South. 52.

The boy was between eight and nine years of age. There is no evidence whatever tending to show how the accident happened, and there is no sufficient proof that the boy knew of the existence of the hole.

He crossed the bridge a number of times, but usually with his elder brother, and they may have used the other footwalk or the driveway in the center. It was a question of fact for the jury to determine, considering his maturity and capacity and the circumstances of the case, whether he was guilty of negligence in not seeing and avoiding the

danger. 43 Ann. 61, and cases therein cited. Even an adult has the right to presume that a public passage way is safe, and is not negligent for not looking for an unlawful obstruction. See Beach, supra, § 36.

It needs no extended citation of authorities to show that the city owed to the public the duty of keeping the bridge in a safe condition, and is liable for special injuries resulting from neglect to perform this duty. 2 Dillon's Munic. Corp. (3d Ed.) § 1017, p. 1036.

The ruinous condition of the bridge was notorious, and it was a trap for the unwary.

The verdict is not assailed as excessive in amount.

It is therefore ordered, adjudged, and decreed, that the judgment appealed from be affirmed, defendant and appellant to pay costs of appeal.