ST. PAUL, J.
Plaintiff seeks damages for the death of her husband, who was run over by one of defendant’s trains whilst crossing its track at one of the public crossings in the town of Colfax.
The train consisted of about 30 flat cars loaded with gravel, which were being backed on the main track at about 10 miles an hour, the locomotive being some 1,200 feet or more behind the lead car, and the direction being from south to north.
The evidence shows that there were two trainmen placed as a lookout on the lead car, and that the locomotive signaled when the lead car reached about 150 feet from the crossing; the locomotive being then about 1,400 feet away.
The deceased was driving a wagon .drawn by two mules and going from west to east. West of the main track, and within a few feet thereof, was a side track which the deceased had to cross before reaching the main track.
On this side track defendant had left two or three box cars reaching from the crossing to the freight depot, about 100 feet to the south of the crossing, thus obscuring all view of the track in the direction from which the train was .approaching, except so much as might be seen through an opening of some 8 or 10 feet between the depot and the box ear which stood nearest to it.
I.
We are of opinion that this state of facts constituted negligence on the part of defendant. It may not have been negligence merely to leave the box cars on the side track near the crossing; it may not have been negligence to back the train over the crossing had the main track not been obscured by the -box cars near the crossing. But we think it was negligence to back the long train over the crossing whilst the track was obscured' by the box cars near it, with no other opportunity for the deceased to see the train except through the small opening between the depot and the box cars.
Had the train' been going ahead instead of backing, so that the locomotive could have been seen over the box cars, and heard as it approached the crossing, it might be different. But here the deceased could not see the • flat cars behind the box cars, could not hear the noise, of the locomotive except at a distance which seemed to him safe, and could easily be misled into the belief that the locomotive was blowing for another crossing several hundred feet to the south, and that he had ample time to cross the track even before the train had reached that distant crossing. ,
For the usual mode of operating railroad trains is with the locomotive in front and the train behind, and, where from the length of the backing train the signals from the locomotive may not be effective, it is the duty of defendant to give notice in some other way. See Cleveland, etc., R. R. Co. v. Carey, 33 Ind. App. 275, 71 N. E. 244, a case almost indentical with the case at bar.
II.
Defendant pleads contributory negligence on the part of the deceased, to wit, that he did not stop, look, and listen before attempting the crossing.
But the burden of proof as to "this was on the defendant. Buechner v. New Orleans, 112 La. 599. 36 South. 603, 66 L. R. A. 334, 104 Am. St. Rep. 455. There is no evidence in this record as to what the deceased did just before the accident except the testimony of one Brett, and he testified that the deceas *413 ed stopped, his team just before he reached the track. '
It is claimed, and there is some evidence to show, that the deceased might have seen the approaching train through the 10-foot opening aforementioned. But in that space was a platform as high as the floor of the flat cars, and there is some evidence that there were some barrels standing on the platform at the time; also there were some telephone and signal poles which still further obstructed the view; and the passenger depot a little further on also tended to obstruct the view. On the whole we conclude that, at most, the deceased might have been able to see the top of the gravel in some few cars through this opening, but even this is not certain. •
The case of Barnhill v. Railway Co., 109 La. 43, 33 South. 63, has no application. That was a pedestrian who stepped from behind a box car, and had ample space in which to stop and look before attempting the crossing, but did not do so. Likewise in Callery v. Railroad Co., 139 La. 763, 72 South. 222, the driver, of an automobile, after passing the obstructions, had 50 feet or more in which to stop and look, but did not do so because he was busy with his machinery. In the case before us, when the deceased emerged from behind the box car, his mules were already on the main track, and the train was upon him.
The trial judge, who held his court almost within sight of the scene of the accident, and saw and heard all the witnesses, found negligence on the part of defendant and none on the part of the deceased; and we see no reason to doubj; the correctness of his finding.
III.
The trial judge allowed plaintiff $6,490, and .she asks for an increase. But we think 'the allowance sufficient, and will simply affirm the judgment appealed from.
Decree.
The judgment appealed from is therefore affirmed.
OVERTON, J., recused.