ENOS BALDWIN, Appellant, v. CONSUMERS ELECTRIC LIGHT AND POWER CO.

---

(June 29, 1925, Opinion and Decree.)

---

(*Syllabus by the Court.*)

1. Louisiana Digest — Municipalities—Par. 171, 173, 174.

It is not for the citizen to question the necessity or expediency of a City Ordinance. It is his duty to obey it.

2. Louisiana Digest — Municipalities—Par. 268.

The fact that a pedestrain walks upon a sidewalk in broad day light and stumbles upon an obstruction is not conclusive proof of negligence on his part barring him from recovery. It is a question of evidence.

Appeal from Civil District Court, Hon. Porter Parker, Judge.

This is a suit for damages for personal injuries caused by an obstruction on the sidewalk.

Defendant filed an exception of no cause of action which was maintained, dismissing plaintiff's suit.

Plaintiff appealed.

Exception dismissed and case remanded.

W. J. Waguespack, H. W. Waguespack, attorneys for plaintiff appellant.

John P. Sullivan, David Sessler, attorneys for defendant, appellee.

CLAIBORNE, J. This is a suit for damages caused by obstructions on the sidewalk.

The plaintiff alleged that on February 29th, 1924, at about 10:30 o'clock a. m. The defendant was working on a manhole on the sidewalk of Tchoupitoulas street, that the said manhole was left open by the defendant, without placing around it any railing as required by the City Ordinance; that it had placed upon said hole two loose planks about one inch thick by 18 inches wide standing on edge across the sidewalk without any signal of their dangerous condition as required by City Ordinances, that while plaintiff was walking upon said sidewalk with two persons walking ahead of him, he stumbled and tripped against said plank and fell to the pavement fracturing his arm and receiving other injuries for which he claims of defedant $5,000 damages.

The defendant excepted that the petition disclosed no right or cause of action.

There was judgment maintaining the exception and dismissing the suit:

The plaintiff has appealed.

The defendant's argument and brief disclose that the exception of no right or cause is based upon the propositions that the precautions used by defendant of putting planks were just as sufficient as the railing required by the ordinance, and that the hole and the planks were visible and should have been seen by plaintiff, and that if he did not see them he was guilty of contributory negligence.

1st We have decided, following the Supreme Court, that it was not for the citizen to question the necessity or expedience of a City Ordinance passed for the protection of the people; that it was the duty of the citizen to comply with the Ordinance. The violation of an ordinance is a presumption of negligence.

2nd The fact that a pedestrain walks upon a sidewalk in broad day light and stumbles upon an obstruction is not conclusive proof of negligence on his part

barring him from recovery. It is a question of evidence. The allegation of negligence is one of defense and not of exception.

Babin vs. Sewerage Board, No. 9769, 57 S. W. 319, 28 Cyc. 1443; 28 Cyc. 1419, 1514; Beuchner vs. City of New Orleans, 112 La. 599, 36 South. 603; Weber vs. Union Development and Construction Co., 118 La. 77, 42 South. 652; Stern vs. Davies, et al., 128 La. 182, 54 South. 712; Robertson vs. Town of Jennings, 128 La. 806, 55 South. 375; Lemoine vs. City of Alexandria, 151 La. 562, 92 South. 58.

The exception of vagueness was not well founded.

We think the exceptions should be dismissed and the case remanded for further proceedings. It is so ordered.

Judgment reversed.