No. ——

First Circuit

---

KING v. JAMSTREMSKI

---

(May 3, 1927. Opinion and Decree.)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest—Automobiles—Par. 4.**
One who drives an automobile on a foggy morning at a reckless speed is guilty of negligence.

2. **Louisiana Digest—Automobiles—Par. 7.**

One who drives an automobile on a foggy morning on the left side of the road and without lights is guilty of contributory negligence for the resulting accident, barring his recovery of damages.
(Editor's note.—Civil Code, Article 2315.)

Appeal from the Parish of Terrebonne. Hon. Robert B. Butler, District Judge.

Action by Preston King, et al., against Stanwood Jamstremski.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Chas. J. Mundy, E. V. Provensal, of New Orleans, attorneys for plaintiff, appellant.

Ellender & Ellender, of Houma, attorneys for defendant, appellee.

MOUTON, J. Plaintiffs, parents of Menville King, a minor, sue defendant in damages caused by a collision which occurred between a Lincoln auto defendant was driving and a Ford car Menville King, the minor, was driving. The accident occurred a few miles from the town of Houma, about 4 o'clock A. M., on December 25, 1923. Plaintiff's son was going from Houma towards Thibodaux, and defendant was coming from Thibodaux towards Houma, in the opposite direction. One of the occupants of the car Menville was driving was killed, and Menville was severely injured. The morning was dark and foggy and the record shows defendant was driving at an excessive rate of speed. His lights were burning but he admits that their reflection in that foggy morning did not extend further than 100 feet in front of his car. He says when he first saw

plaintiff's car it was around 100 feet ahead of him, that he slammed his brakes but it was too late, and that he ran into plaintiff's car. On this state of facts the lower court correctly held that it was clearly demonstrated that defendant had not retained such control of his car "as to guarantee a safe stop within the circle of its illumination", and was therefore not operating it with "due care and caution". The proof shows that Menville, driver of the auto, and other occupant of his car, saw the lights of the Lincoln car defendant was driving at a distance of about 400 feet before the collision occurred. If the lights of plaintiff's had been burning, it is but fair to infer that defendant would have seen its lights at an equal distance, and, seeing them, would have stopped his auto in time to avert the accident. No doubt, defendant was at fault in driving his car on a foggy morning at a reckless speed, but it is also true that the minor son of the plaintiff's was equally at fault in traveling on a public highway at such an hour, and under the conditions then existing, without lights on his car.

Menville says, when he saw defendant's car coming, his uncle, who was riding with him, told him to "drive out the road and I drove out and parked the car on the right-hand side". This statement shows he was not then on the right-hand side of the road when he received this instruction from his uncle. He is positive that, as he was directed, he gave all the road to defendant's car, and parked his car close to the ditch on the right side of the road going in the direction of Thibodaux, and that if he had moved further that the right wheels of his car would have gone into the ditch or gutter. He is certain that he parked his car there, and that his rear wheels were as close to the ditch as the front wheels. He could not say with any degree of certainty how long his car stayed parked on the side of the ditch before it was struck by defendant's car, but Collins, who was in the front seat with him, says it stood there at a standstill about five minutes before the other car ran into it. This witness says that defendant's car was traveling in the middle of the road and that, when it got opposite of his car, it suddenly swerved to the left, ran into his car, killing one of its occupants, and crippling plaintiff's minor son. The proof shows that the road where the accident happened is 23 feet wide; that a Lincoln car is about 6½ feet in width, and a Ford about 5½ feet. Defendant says, and there is no reason to doubt his statement, that when he first saw the Ford car it was about 100 feet ahead of him. If the plaintiff's car was parked in such close proximity to the ditch on the right side of the road towards Thibodaux, it is obvious that defendant, after he had seen the car, had ample leeway to pass to its left without the least danger of a collision. Even if defendant had been recklessly bent on social mischief, the promptings of self-preservation would have irresistibly deterred him from running into that car parked on the wayside, at the risk and peril of his own life. Defendant says that when he first saw plaintiff's car he was turning from the left side of the road going towards Thibodaux and was trying to get on the right side; that before he could make the clearing he ran into the car, as it was impossible for him to stop his auto in time, as before explained. The record shows that the morning of the accident, and soon

thereafter, the spot where the collision occurred was visited by two or three parties who testified in the case, and are shown to disinterested witnesses. These witnesses made a personal investigation of the physical conditions then existing there. They saw where the cars had skidded, and fixed that spot as the place where the collision occurred. From that spot they trained the wheel tracks of the Lincoln car which had left the imprint of its tires on the side of the road, which they say was damp at the time. One of these witnesses, Mr. Pellerin, explained that the Lincoln had Firestone cord tires, which have a different thread from other cars, making, it would seem, imprints which could be distinguished from those of other cars. These tracks were followed by the witnesses for a distance of 100 feet from where the cars collided. These tracks, it was shown, followed close to the ditch on the right side of the road from Thibodaux, the direction from which defendant was traveling, up to the place of the accident, where they diverted a little beyond the center of the road. It was also shown by these witnesses that where the accident occurred they could discern the imprints of the wheels of the Ford car, which, at that spot, turned across the road to the right side going from Houma. It is therefore apparent from these physical signs that Menville King, just before the accident, was driving on the left side of the road from Houma, instead of the right side, where he should have been traveling. The fact that the wheel tracks of the Ford appeared to be turning to the right side of the road where the accident took place has the effect of corroborating the evidence of the defendant, who testified that when he ran into the car it was in the act of making this turn from the left to the right side of the road.

The proof, therefore, shows that plaintiff's son was on the wrong side of the road, and was also driving a car without lights, was guilty of contributory negligence, which is pleaded and was proved by defendant, and plaintiff can not recover. Buechner vs. New Orleans, 112 La. 599, 36 South. 603; Weiss vs. N. O. Ry. & Lt. Co., 133 La. 14, 62 South. 216. His demand was rejected and correctly.