## SAKS v. EICHEL.

### No. 5243.

Court of Appeal of Louisiana.
Second Circuit.

April 30, 1936.

Brunswig Sholars, of Monroe, and John M. Madison, of Bastrop, for appellant.

Shotwell & Brown, of Monroe, for appellee.

TALIAFERRO, Judge.

Plaintiff was injured when the Hupmobile sedan of defendant, in which he was riding as alleged invited guest, collided in the intersection of Catalpa and Wood streets in the city of Monroe, La., with the Buick automobile of the chief of the fire department of that city. The Hupmobile was traveling south on Catalpa street, while the Buick, occupied by the chief, and responding to a fire alarm, was going at a rapid speed easterly on Wood street. This suit was instituted to recover damages for injuries sustained in the accident. After filing answer, defendant interposed an exception of no cause and no right of action, which was sustained, and the suit dismissed. To the end that the issues tendered by the exception may be the more readily understood and appreciated, we here copy pertinent articles of the petition, viz.:

"XII. That from the time the said fire chief got into his car and started moving, he started the said fire alarm siren on his automobile and kept it blowing continuously up to and including the time the accident occurred. That the said siren is one which makes an unusually loud noise, even for fire fighting apparatus, and can be heard for six or eight standard city blocks and more.

"XIII. That at the time of the aforesaid collision, the said siren on the automobile being driven by the said fire chief

had been blowing while said automobile was traveling for a distance of more than two city blocks and was heard by people at the intersection of the said Catalpa with the said Wood street, and also by people in every direction from the intersection of the said two streets for distances of two blocks or more in every direction. That the said Eichel was familiar with the location of the fire station and was traveling near enough to it to have heard the siren from the moment the automobile left the fire station; and, when he heard it, there was imposed upon him the duty to obey the natural laws of safety in such a situation as well as the statutory laws.

"XIV. Petitioner shows that under the provisions of Section 31 of Municipal Ordinance No. 2550 of the City of Monroe, Louisiana, and under the provisions of Rule 12 of Act 21 of the Louisiana Legislature for the year 1932, it is the duty of the driver of any vehicle to stop and draw to the right hand curb, and as close thereto as possible, upon hearing the siren or other warning signal of any vehicle which is attached to the fire department of the City of Monroe or any other political subdivision of the State of Louisiana; and which statutes particularly applied to the automobile described herein and which was attached to the fire department of the City of Monroe, Louisiana,—said statutes being in full force and effect at the time of the aforesaid accident.

"XV. That in spite of the duty of the said Charles N. Eichel to listen for and take heed to signals and warnings of the kind described above, he totally disregarded the said signal coming from the said automobile being driven by the said Frank J. Roddy and continued across the intersection of the said Wood street with the said Catalpa street without either drawing to the curb, slowing down, or looking to the right or left for the approaching fire vehicle; and, as a result, his automobile was struck by the said fire chief's automobile when it reached the intersection of the said two streets. As a result of this collision, the automobile in which your petitioner was riding was turned over on its left side and knocked eastward on Wood street onto the curb near the south line of said street.

"XVI. Your petitioner shows that there are a number of houses on the west side of Catalpa street in the block just north of Wood street; and particularly is there a house surrounded by shrubbery located on the northwest corner of the intersection of Wood street and Catalpa street which partially obstructs the view of one driving south on Catalpa street to cars traveling east on Wood street; and, therefore, defendant, Charles N. Eichel, owed your petitioner a special duty to stop when he heard the said siren on the fire chief's automobile.

"XVII. Petitioner further shows that after the said Charles N. Eichel placed the automobile in the perilous position which he did, he should have kept a lookout in all directions and should have made some attempt to avoid the accident after he saw or should have seen the fire chief's automobile coming directly toward him; and your petitioner shows the said Charles N. Eichel continued on his course when he should have either stopped, or turned east on Wood street in an effort to avoid the collision or to at least minimize the effects of it."

Summarizing these allegations, plaintiff's specific charges of negligence against defendant, upon which he relies to recover, are these:

"1. Failing to heed the warning signal of the said fire chief's automobile which he heard continuously for over two blocks, and failing to obey the provisions of Section 31 of Ordinance No. 2550 of the City of Monroe, Louisiana, and Rule No. 12 of Act 21 of the Louisiana Legislature for the year 1932.

"2. Failure to keep a lookout for automobiles crossing the intersection of Wood and Catalpa streets.

"3. Failure to take any action whatever to avoid the collision after one became imminent."

This appeal is prosecuted by plaintiff from dismissal of his suit.

The issue raised by the exception is tersely stated by defendant's counsel in brief as follows: "The exception of no cause and no right of action has as its basis the failure of Saks to allege that he heard the siren and cautioned Eichel about his manner of operating his car, in which Saks was an alleged guest."

Contributory negligence urged in bar of a plaintiff's right to recover in a tort action is an affirmative defense, and must be specially pleaded to authorize reception of evidence tendered to establish existence of facts forming the basis there-

of. It is in the nature of a confession and avoidance. Buechner et ux. v. City of New Orleans, 112 La. 599, 36 So. 603, 66 L.R.A. 334, 104 Am.St.Rep. 455; McDonald v. Stellwagon et al. (La.App.) 140 So. 133. And, of course, one relying upon such defense carries the burden of proof. This principle is too well settled to require citation of authorities in support of it. These well-established principles of our jurisprudence are not disputed by appellee; but he contends that, for plaintiff's petition to disclose a right or cause of action, freedom from negligence on his part, as a proximate cause of the accident, should be affirmatively set up. This position is not well founded. If such allegations were indispensable to the disclosure of a right or cause of action, then, under the elemental rule that he who alleges must prove, plaintiff would have to establish a negative state of facts before he could recover. Under the prevailing jurisprudence of this state, it is only necessary to make out a prima facie case, in a tort action, to allege and prove that the injury for which damages are sued for was due to, or caused by, the fault or negligence of the defendant. Plaintiff is not required in such case to allege or prove he was free from negligence as a contributory cause of the accident and consequent injury. Washington & Georgetown Ry. Co. v. Harmon, 147 U.S. 571, 13 S.Ct. 557, 37 L.Ed. 284; Buechner v. City of New Orleans, supra; Nolan v. City of Shreveport, 7 La.App. 218.

Paragraph 2 of the syllabus in the Buechner Case, reflecting accurately the court's holding therein, reads: "The doctrine that plaintiff in such actions must allege and prove that he was without contributory fault is overruled in so far as it has been recognized in the jurisprudence of the state of Louisiana."

The principle here announced is in keeping with the well-settled jurisprudence of the United States. Cases holding to the contrary, few in number, constitute the minority rule. 9 Blashfield's Cyc. of Automobile Law & Practice (Permanent Ed.) §§ 5966, 5967; Smith v. Vellino (La.App.) 156 So. 61; Rossville Commercial Alcohol Corporation v. Dennis Sheen Transfer Co., 18 La.App. 725, 138 So. 183, 186; Hebert v. Kingston Lumber Co., 126 La. 775, 52 So. 1021; Robertson v. Town of Jennings, 128 La. 795, 55 So. 375.

For the reasons assigned, the judgment appealed from is annulled, reversed, and set aside, and there is now judgment remanding the case to the court a quo for further proceedings.