### IGLESIAS v. CAMPBELL.

#### No. 5324.

Court of Appeal of Louisiana. Second Circuit.

April 30, 1937.

Certiorari Denied June 21, 1937.

146

For former opinion, see 170 So. 265.

J. G. Palmer, of Shreveport, for appellant.

Hendrick & Hendrick, of Shreveport, for appellee.

TALIAFERRO, Judge.

The pleadings, the facts, and the issues of this case are elaborately discussed in our original opinion (170 So. 265). We shall abstain from repeating them beyond the extent necessary to an intelligent presentation and consideration of the points and issues raised by the application for rehearing.

The accident out of which this suit arose occurred in the intersection of Texas avenue and Jordan street in the city of Shreveport, at night. We found and held that plaintiff, accompanied by his wife and minor son, four years old at the time of accident, was crossing Texas avenue from east to west outside of the lane established for the use of pedestrians, and in doing so he violated an ordinance of the city and was negligent. We also found and held that defendant's son, J. S. Campbell, operating the offending automobile, was also negligent in that he was not maintaining adequate lookout for traffic conditions in the intersections, and because of his inattention in this respect, the car while moving slowly struck and injured the minor son. As ultimate findings, we held that had defendant's son been keeping such lookout ahead and to the sides, as required of him by law, he would have observed plaintiff and his wife and child in the act of crossing the intersection in time to avert the accident; that he is legally held to see that

which he could have seen by the exercise of a reasonable degree of vigilance, and therefore had the last clear chance to avoid the accident.

Our conclusions on the questions of fact in the case are not now seriously questioned by defendant. We adhere to them. But assidious counsel vigorously challenges the right of this court to invoke the doctrine of the last clear chance and to make application of it here for the primary reason that it was not specifically pleaded by the plaintiff; and in effect, alternatively, the doctrine was erroneously applied for because:

1. Plaintiff's own negligence continued down to the moment of the accident; and

2. He was not seen by defendant's son, prior to the collision.

The primary question appears to be res nova in this state. Due to the uniqueness of our system of pleading and practice, the rule and jurisprudence prevailing in other states pertinent to the question are not controlling here. We do not think defendant's contention sound. If it is sound, then in all tort actions where defendant's negligence is relied upon for a recovery and plaintiff's contributory negligence is pleaded in bar of recovery and the developed facts support this plea, but at the same time reveal that defendant had the last clear chance to prevent the accident, plaintiff would be denied recovery unless he, before judgment, amended his petition or filed other pleading definitely raising that issue. It could happen that a plaintiff, with reasonable grounds to sustain his position, would contend throughout the case that the evidence did not establish that he was contributorily negligent, yet the court, after submission of the case, would disagree with this position and hold that plaintiff was contributorily negligent and decide against him, though it be further found that defendant had the last clear chance to avoid the accident, simply because plaintiff had not expressly pleaded it.

Contributory negligence as the or one of the proximate causes of an accident, as a general rule will bar recovery by the person guilty of it. A well-known exception to this rule is pertinent where the testimony warrants the application of the last clear chance doctrine. In effect, in such a case the court will say to the defendant that notwithstanding plaintiff's own negligence, as one of the causes of the accident, you could have averted its happening if you had exercised due care and attention;

that you had the last clear chance to do so and failed in your duty to avail yourself of it. No valid criticism should be found in such rule. The carelessness of the defendant, in such a case, amounts to a breach of duty and is actionable. In the final analysis it is the efficient cause of the offense.

It is well settled in this state that a plaintiff need not negative his own negligence in a tort suit in order to disclose a cause of action or recover therein. Saks v. Eichel (La.App.) 167 So. 464; Buechner et ux. v. City of New Orleans, 112 La. 599, 36 So. 603, 66 L.R.A. 334, 104 Am.St.Rep. 455.

Replications and rejoinders are not admitted under our system of pleading and practice. New facts set up by defendant are presumed to be denied by plaintiff. Code Prac. art. 329. The tacit denial of such new facts tenders an issue. In brief, defendant's counsel says:

"We submit that in no case can the last clear chance doctrine be considered unless the pleadings lay the foundation therefor. The principle necessarily presupposes that both parties are at fault and cannot be considered upon any other theory. It may be likened to the plea of contributory negligence which must be specially pleaded and which admits fault on the part of him who pleads it."

We think the pleadings do lay the foundation for the application of this doctrine.

Among the alternative allegations of the answer, the following appears: "That plaintiff and his wife who were present and had complete control and direction of the movements of the said child at the time, were likewise guilty of contributory negligence in the particulars just alleged and that the combined negligence of all parties in interest caused the said injury and therefore plaintiff has no right to call upon defendant to compensate him or the said minor for the alleged damages." These allegations, coupled with others of the answer, definitely charge plaintiff with negligence as a proximate cause of the accident. Under article 329 of the Code of Practice, plaintiff is presumed to have denied them and was entitled to introduce any sort of admissible evidence to refute the charge, and did so; and this too without the filing of amendment or plea. And surely in such circumstances the court has the inherent right and power, in furtherance of the ends of justice, to pitch a decision upon a principle or doctrine firmly established in every jurisprudence, although same be not deliberately pleaded.

Whether or not the doctrine may be applied to a given state of facts is simply a matter of reasoning and deduction. Its application may only follow a legal conclusion, based upon the testimony. Legal conclusions when alleged, as has often been held, are not binding on any one, not even the pleader, if erroneous. It is the function of the court to arrive at and apply such. What may be the proximate cause of an accident may only be found after a consideration of testimony. Such a finding is a legal conclusion. The court would unquestionably be warranted in saying which of the two causes of an accident is the proximate or efficient one and to predicate judgment upon such finding, although neither side in pleading raised such issue.

The doctrine of the last clear chance is a humanitarian one. It is a creature of the judiciary, founded upon principles of equity and justice. Grand Trunk Railway Company of Canada v. Ives, 144 U.S. 408, 12 S.Ct. 679, 36 L.Ed. 485. It was first applied in Davies v. Mann, 10 Mees. & W. 546. Originally it found most frequent application in tort suits against railroads at a time when the automobile was not even dreamed of. With the advent of motor vehicles as a means of daily transportation for persons and freight, the doctrine was extended to include that class of vehicles. The adoption of new rules and new legal principles to meet this changed condition was obviously necessary. A long line of decisions supports defendant's contention that this doctrine is not applicable to cases wherein the injured person's negligence continued to the moment of the accident. The following are among the most recent cases and are cited by defendant: Wolf v. New Orleans Railway & Light Company, 133 La. 891, 895, 63 So. 392; Callery v. Morgan's L. & T. Railroad & S. S. Co., 139 La. 763, 72 So. 222; Connell v. Y. & M. V. Railway Company, 141 La. 701, 702, 75 So. 652; Young v. Louisiana Western Railway Company, 153 La. 129, 130, 95 So. 511; Thompson v. Morgan, 167 La. 335, 119 So. 69.

The last of these cases, only, involved an automobile. But the trend of present jurisprudence is to modify the old rule in two respects, viz., that the concurring negligence of the injured party to the moment of the accident does not necessarily

bar recovery by him under this doctrine, and it may appropriately be applied in cases where the perilous position of the one injured was not discovered by the operator of the car in time to avert the injury, but where lack of knowledge in that respect was due to inattention and failure to exercise due diligence. Justice Odom discusses both of these modifications at length in Rottman v. Beverly, 183 La. 947, 165 So. 153, 156. It is said therein:

"If the defendant fails to perform that duty, his negligence in that respect is regarded as the proximate and immediate cause of the injury and the negligence of the plaintiff in putting himself in a place of danger, the remote cause. In such cases the last clear chance doctrine applies even though plaintiff's negligence continues up to the accident."

In the recent cases of Monk v. Crowell & Spencer Lumber Company, 168 So. 360, and Taylor v. Shreveport Yellow Cabs, 163 So. 737, we squarely held that the negligence of the plaintiff to the very moment of the impact, did not prevent proper application of the doctrine. In the latter case the Supreme Court denied a writ of review. In both of these cases the perilous position of the plaintiff was discovered by defendant or his agent in time to have averted the accident.

In Loewenberg et al. v. Fidelity Union Casualty Company et al., 147 So. 81, this court held:

"Last clear chance doctrine applies even if defendant did not see the danger, but by exercise of ordinary care could have seen danger in time to avoid injury."

Numerous decisions are there cited which sustain this conclusion. It finds strong support in Kansas City Southern Railway Company v. Ellzey, 275 U.S. 236, 48 S.Ct. 80, 72 L.Ed. 259, the syllabus of which says:

"Under the doctrine of last clear chance a negligent defendant will be held liable to a negligent plaintiff if the defendant, aware of the plaintiff's peril, or unaware of it only through carelessness, has in fact a later opportunity than plaintiff to avert an accident."

■ It is an inexorable rule of law that the operator of an automobile is held to see that which he should have seen and which, of course, may be seen and observed by human eyesight; and this being true, we can see no sound reason for holding that the operator must actually see the injured person in time to avoid colliding with him in order that the doctrine of the last clear chance may be correctly applied.

■ We might add here that so far as concerns the damages sought on behalf of the injured son, these are recoverable of defendant whether the last clear chance doctrine be invoked or not. He was injured by the concurring negligence of his father and the driver of the car. In such circumstances, the tort-feasors are in solido responsible for the results of their combined negligence. The injured person as a rule may sue either or both. True it is in the present case, the minor may not sue his father, but this does not affect his right against the other tort-feasor. Zutter v. O'Connell et al., 200 Wis. 601, 229 N.W. 74.

■ The fact remains that he was injured as a result of the joint negligence of both persons. The minor, being only four years of age, was incapable of being contributorily negligent.

For the reasons herein assigned, our former opinion and decree are now reinstated and made final.