Plaintiff, Joseph Randazzo, is the owner of a small truck farm in the Parish of St. Bernard on which he grows corn and other food and feed crops. This farm fronts on the public highway running through the parish. The estate of the late Dr. L.A. Meraux owns property also fronting on the public highway and very near to the farm of plaintiff. The estate of Dr. Meraux is under administration, the widow, Mrs. L.A. Meraux, being administratrix.
Randazzo seeks to recover from defendant, as administratrix of the estate of Dr. Meraux, for loss alleged to have been sustained when five mules and a horse, belonging to the Meraux estate, escaped through an open gate, walked along the highway to plaintiff's land, entered upon it and ate or destroyed a certain number of ears of corn growing thereon.
Defendant does not deny that the animals were permitted to escape through the open gate, and admits that they entered upon plaintiff's land and ate or destroyed certain corn growing thereon but denies all liability, contending that plaintiff's right to recover is completely barred because of the fact that he, himself, failed to fence his land along the public road in accordance with an ordinance of the Police Jury of the Parish of St. Bernard, which ordinance provides that the construction and maintenance of such a fence is a prerequisite to a claim for damages caused by roaming cattle or other animals.
Defendant also asserts that the animals destroyed only a small quantity of corn and not the large amount claimed by plaintiff to have been eaten or destroyed.
In the Twenty-fifth Judicial District Court for the Parish of St. Bernard there was judgment for plaintiff for $130, and defendant has appealed.
There was no stenographer or court reporter available when the case was tried in the District Court, and accordingly the Clerk of Court prepared a statement of fact for use in connection with the appeal. This statement was agreed upon by counsel as being correct but it has been supplemented by another statement of fact, which has been reduced to writing and signed by all counsel. *Page 741 
It is made clear from these statements that plaintiff's land is not fenced along the public highway and that the animals entered his land from that highway after having escaped from the land of defendant to the highway because a gate, through negligence, was allowed to remain open.
Counsel for plaintiff, in his contention that there is liability in defendant, relied on an old ordinance of the Police Jury of the Parish of St. Bernard adopted in 1876 and reading as follows: "Resolved, That no cattle is allowed to roam at large without a keeper, as the syndic be and he is hereby instructed to post up notices to that effect in all conspicuous places."
In Ingargiola v. Schnell, La. App., 11 So.2d 281, we found that at the time of that decision that ordinance was still in effect.
Counsel for defendant, on the other hand, relies upon another and a slightly later ordinance of the Police Jury of the Parish of St. Bernard adopted in 1881, which ordinance reads as follows:
"Be it Resolved, That hereafter all land owners whose lands front on the public road, in order to protect their property from the intrusion of cattle or other animals roaming or driven, shall put up and keep in good order and condition a four line wire or three-bar wooden fence along said public road, and the compliance of any land owner with the said ordinance shall alone be a requisite to a claim in damage.
"Be it further resolved, That all laws or parts of laws in conflict herewith are hereby repealed."
In the Ingargiola case we found that this ordinance also was in effect at the time of that decision.
Both of these ordinances have been offered in evidence and copies of them are filed in the record. No objection was made to their being offered in evidence though neither was referred to in any way in the pleadings.
In the Ingargiola case we reached the conclusion that though an owner of cattle or other animals may be negligent in allowing his cattle to roam, which is in violation of the ordinance of 1876, an owner of other property upon which such animals may cause damage if he fails to fence it in, in accordance with the ordinance of 1881, is guilty of contributory negligence and by that contributory negligence is barred from recovering for the damage.
It is true that in that case we permitted recovery but we did so because we found that the failure of the plaintiff to fence his land along the public road (and that is all that the ordinance of 1881 requires) had had no causal connection with the damage to his crops since the cattle had not entered his property from the public road but from the rear at a point at which no fence was required by the ordinance.
Here, the failure of plaintiff to fence his property along the public road obviously had direct causal connection with the ensuing damage since the record shows that the animals which caused the damage "went from the public road on and upon the field of the plaintiff; and that plaintiff's was unfenced."
It necessarily follows that if our conclusions reached in the Ingargiola case are correct, defendant's contributory negligence in this case is a complete bar to his right to recover.
[1] It is true that we find in the record no plea of contributory negligence and it is also true that contributory negligence is a special, affirmative defense which must be specially pleaded. See Althans v. Toye Bros. Yellow Cab Co., La. App., 191 So. 717; Buechner et ux. v. City of New Orleans,112 La. 599, 36 So. 603, 66 L.R.A. 334, 104 Am.St.Rep. 455; McDonald v. Stellwagon et al., La. App., 140 So. 133. But it is equally true that the failure to specially plead contributory negligence may be cured if evidence showing contributory negligence is admitted in evidence without objection. Nezat v. General Outdoor Advertising Co., La. App., 24 So.2d 482; Baden v. Globe Indemnity Co., La. App., 146 So. 784.
[2] The introduction of the ordinance requiring an owner to fence his property as a prerequisite to the claim for damages and the proof that the animals entered plaintiff's property from the public road could serve no other purpose than to show contributory negligence, and it is therefore obvious that this evidence was introduced *Page 742 
for that purpose. Since it was received without objection, it enlarges the pleadings to that extent.
[3] We conclude that the contributory negligence of plaintiff was the proximate cause of his loss and that by this negligence he is deprived of the right to recover.
The judgment appealed from is annulled, avoided and reversed, and plaintiff's suit is dismissed at his cost.
Reversed.