Appeal in this case is prosecuted by plaintiff from judgment that sustained exceptions of no cause and no right of action tendered by the defendants. The well pleaded facts alone may properly be weighed and considered in determining the merits of the exceptions. The pertinent facts of the case, reflected from the petition, follow, to wit:
Reuben E. Branscom, an employee of the plaintiff, suffered an accident while performing the duties of his employment on June 16, 1945, in which he received injuries alleged to be total and permanent. At that time he was earning an average weekly wage of $39.78. Plaintiff, recognizing Branscom's disabled condition, from the date of the accident, paid him compensation at the rate of $20 per week, or a total of $840 to the time this suit was filed, plus $142.64 for hospital and physician's bills. It admits that by operation of law it is obligated to pay him compensation at said rate during total disability, not exceeding four hundred weeks, and such other medical and hospital expenses as may be incurred in treating his injuries, not to exceed a total of $500.
This suit was instituted by the employer against the Arkansas and Louisiana Missouri Railway Company and the carrier of its public liability insurance, the London Guarantee and Accident Company, Ltd., to recover the amounts paid by it to Branscom, above named, and all other amounts that will be paid to him or for his account because of his disabling injuries, and for attorney's fee.
As a predicate for the action against the railway company and its insurer, plaintiff, in detail, relates the facts of the accident and avers that it and the resultant injuries are ascribable solely to the negligence and carlessness of the railway company, its agents and servants. Freedom from negligence of Branscom, as a contributing cause of the accident, is averred. Plaintiff does not, however, expressly exonerate itself of negligence in connection with the accident. The petition is silent with respect thereto.
The exceptions interposed by the defendants do not declare specifically wherein the petition is faulty. In brief, the appellant states that the court based its ruling on the absence from the petition of any affirmative allegation that plaintiff, its agents and/or employees were free of fault or negligence as a or the proximate cause of the accident. Appellant's original brief is exclusively devoted to a discussion of the named basis of the ruling, and extended effort is made to demonstrate it to be erroneous. An array of Louisiana cases is cited to support this position, including the following: Saks v. Eichel, La. App., 167 So. 464; Iglesias v. Campbell, La. App., 175 So. 145; Buechner et ux. v. City of New Orleans, 112 La. 599, 36 So. 603, 66 L.R.A. 334, 104 Am.St.Rep. 455; Loprestie v. Roy Motors, Inc. et al., 191 La. 239, 185 So. 11; Gibbs v. Illinois Central Railroad Company, 169 La. 450, 125 So. 445; Gerald et ux. v. Standard Oil Company of Louisiana, et al., 204 La. 690,16 So.2d 233.
[1, 2] These cases and many others definitely hold that a plaintiff, suing to recover damages for personal injuries need not affirmatively allege, in order to set up a cause of action, his own freedom of negligence in connection with the accident alleged upon. They uniformly declare that contributory negligence is a special defense available to the defendant, and may become a potent factor in the case only when specially pleaded. Appellees' counsel do not dissent from these legal principles but admit they are firmly imbedded in the jurisprudence of this state, so far as concerns the injured person who sues in tort for damages; but they argue that as plaintiff's status is not that of principal, but that of subrogee, under a special statute, the rule does not have application here. No authority or case is cited to support this contention. We are certain it is not well founded.
The measure of the rights and obligations of the parties to this suit is fixed by the Workmen's Compensation Law. Act No. 20 of 1914, as amended. Paragraph 1 of Section 7 of this act, as amended by Act No. 247 of 1920, gives to the injured employee or his dependent, in addition to the right to sue the employer for compensation, a right of action in tort against the *Page 771 
person (other than the employer) through whose fault and negligence the injury or death happened. Such person is denominated by the act as "third person". The exercise of the right of action against the third person is optional with the injured employee or his dependants. However, he or they may not recover and retain under both provisions. Paragraph 2 of Section 7 of said act reads as follows: "Any employer having paid or having become obligated to pay compensation under the provisions of this Act may bring suit against such third person to recover any amount which he has paid or become obligated to pay as compensation to any injured employee or his dependent; provided, that if either such employee or his dependent, or such employer, shall bring suit against such third person, he shall forthwith notify the other in writing of such fact and of the name of the Court in which suit is filed, and such other may intervene as party plaintiff in such suit."
[3, 4] This law, in effect, simply invests the employer with the right to recover of the person through whose fault the employer has had to pay compensation, the amount paid on that account and amounts for which he is obligated to pay. The employer, when demanding reimbursment in such circumstances, does so as subrogee of the employee. Subrogation is either legal or conventional. R.C.C. art. 2159. In the latter case, the status is created by the persons who contract, with such limitations and qualifications as they agree to stipulate; while in the former case, the status is created by law, and its force and effect fixed thereby. As a general rule the subrogee is figuratively put in the shoes of the creditor which means that all laws applicable to the latter, in the enforcement of rights and remedies, apply with equal force to the former. 50 Am.Juris. 752-753, Sections 110 and 111.
[5] In the present case the law that bestows upon the employer the right under discussion, places no limitation or restriction thereon, save as to the amount. To this extent and in this way the employer is invested with the same rights and remedies as the injured employee would have had had he sued the tort feasor. And, it is our view that the cited jurisprudence applies as well to the subrogee as it admittedly applies to the injured employee.
Appellees here urge two additional points in support of their position on the exceptions, and in brief say these were urged below and probably had influence on the court in reaching the conclusion that the exceptions were well founded. These points are:
1. That the petition does not allege specific damage to Branscom in any amount, and
2. That plaintiff has not alleged compliance by it with the requirements of the Workmen's Compensation Law with particular reference to the giving of notice to the injured employee of the filing of this suit.
[6] We shall consider and discuss these points in inverse order. With respect to the giving of notice, the statute directs that "if either such employee or his dependent, or such employer, shall bring suit against such third person, he (the one suing) shall forthwith notify the other * * * of such fact and [give to him] the name of the Court in which such suit is filed." It seems clear to us, from this language, that the notice referred to could not well be given prior to the filing of the suit. Notice that a suit has been filed and the giving of the name of the court wherein filed, obviously cannot be done prior to such filing. "Forthwith", according to Webster, means "without delay; immediately". All of this being true, it follows that the absence from the petition of allegations to the effect that such notice had been given does not detract from its efficacy as regards disclosing a cause or right of action.
[7] Point two is equally without merit. It is not necessary to the efficacy of a petition filed by the employer, under Section seven (7) of the Workmen's Compensation Law, that specifically it allege the amount of damages, in dollars and cents, the employee has sustained as a result of the accident involved. It, of course, would be otherwise if the employee sues in his own right ex delicto. The statute is clear in fixing the extent of liability of the tort *Page 772 
feasor to the employer. The amount recoverable by the employer is definitely fixed at the total of compensation paid, plus that for which he is obligated to pay. The Supreme Court in London Guarantee and Accident Insurance Company v. Vicksburg, S. P. Railway Company, 153 La. 287, 95 So. 771, has so construed said Section seven (7). To same effect is Smith v. McDonough et al., La. App., 29 So.2d 818, in which a writ of review was denied by the Supreme Court.
[8] Of course, it goes without saying that before plaintiff can recover herein it will be necessary for it to establish by adequate proof that Branscom was injured by the negligence of the railroad company. On this phase of the case it is to be observed that no exception is taken to the petition's sufficiency. It is not contended that the alleged facts do not disclose that Branscom did have a cause of action against the railroad company.
We are clearly of the opinion that the exceptions were improperly sustained, and, for the reasons herein assigned, the judgment appealed from is annulled and reversed, and this case is now remanded to the lower court for further proceedings. Costs of appeal are taxed against the defendants. Fixing of liability for all other costs will await final decision.