469 So.2d 478 (1985)
Maryleen COMEAUX, Individually and as Tutrix of Her Minor Son, Bert Lavergne, Plaintiff-Appellant,
v.
Cyrus ROY, et al., Defendants-Appellees.
No. 84-449.
Court of Appeal of Louisiana, Third Circuit.
May 15, 1985.
Brinkhaus, Dauzat, Falgoust and Caviness, Peter F. Caviness, Opelousas, for plaintiff-appellant.
*479 Guglielmo and Lopez, James C. Lopez, Opelousas, James B. Doyle, of Woodley, Barnett, Cox, Williams, Fenet & Palmer, Lake Charles, for defendants-appellees.
John K. Hill, Jr., Lafayette, for plaintiff-appellee.
Before GUIDRY, FORET and KNOLL, JJ.
KNOLL, Judge.
Travelers Insurance Company, the insurer of Morgan J. Goudeau & Associates, Inc., appeals the dismissal of its subrogation claim against Cyrus Roy, an employee of Goudeau. The trial court rejected Travelers' claim against Roy concluding that Roy was an insured under a multifaceted insurance policy issued by Travelers to Goudeau. Travelers contends that the trial court erred in concluding that Roy's status as an insured under the comprehensive general liability section of the insurance contract prohibited Travelers from recovering from Roy amounts paid under the automobile liability section of its policy, where Roy was not an insured. We reverse and remand.

FACTS
This litigation began as a tort action by Maryleen Comeaux individually and as tutrix of her minor son, Bert Lavergne, to recover for personal injuries Bert sustained when the motorcycle on which he was a passenger was struck by a pickup truck owned and driven by Cyrus Roy in connection with his employment with Goudeau. As the motorcycle and pickup truck approached each other from opposite directions, Roy abruptly turned left into the oncoming lane of traffic, and collided with the motorcycle. As a result of the collision Bert received injuries which necessitated the amputation of his left leg and the removal of his spleen.
It is undisputed that Roy, an employee of Goudeau, was in the course and scope of his employment at the time of the accident, and that his negligent conduct was the sole cause of the accident.
Maryleen Comeaux sued Cyrus Roy, his automobile liability insurer, Fidelity & Casualty Company of New York, Morgan Goudeau and Associates, Inc., its insurer, Travelers Insurance Company, William F. Savoie, the driver of the motorcycle on which Bert was riding, and Savoie's insurer, Jefferson Insurance Company of New York. All defendants filed third party demands against one or more of their codefendants seeking indemnity and, in the alternative, contribution. Prior to trial Travelers, as insurer of Morgan Goudeau, settled Comeaux's and Bert's claims for $215,000, and they simultaneously subrogated Travelers and Goudeau to their claims against Roy. In addition, Goudeau transferred to Travelers any claims of contribution or indemnification it had as Roy's employer as well as the rights of subrogation acquired by it from Comeaux and Bert. Roy's insurer, Fidelity and Casualty, also paid $50,000, its policy limits, to Comeaux and Bert as full settlement, with the latter reserving all rights against Roy in excess of the $50,000 payment.
Travelers then pursued its subrogation claim derived from the agreements from Comeaux, Bert and Goudeau against Roy to recover the $215,000 it paid under its insurance policy.

TRAVELERS' CLAIMS AGAINST ROY
The trial court in written reasons for judgment concluded that: (1) Cyrus Roy was solely at fault in causing the accident; (2) the total settlement of $265,000 by Travelers and Fidelity was reasonable, considering the nature of Bert's injuries, loss of future earnings, pain, suffering etc.; and, (3) Roy is an insured under that section of the Travelers policy which provides for comprehensive general liability coverage and presumably was an insured for all purposes. Accordingly, the trial court rendered judgment dismissing the suit and all incidental demands, with prejudice. Only Travelers has appealed.
Travelers contends that although Roy is insured under the comprehensive general liability provision, this section specifically *480 excludes, among other things, liability for bodily injury arising out of any automobile operated by the insured; therefore, Roy's accident was not covered by the comprehensive general liability provision. Further, Travelers paid the claim under the automobile liability section wherein Roy was not an insured; therefore its claim for subrogation against Roy was not barred. Simply stated, Travelers settled with Comeaux because of the vicarious liability of Morgan Goudeau and Associates for the negligent acts of its employee, Roy, arising from the operation of Roy's vehicle, and was subrogated to Comeaux's and Goudeau's claims against Roy.
We have carefully reviewed the policy in question. As aforestated the policy is multifaceted containing four distinct sections, i.e., property damage insurance, comprehensive general liability insurance, automobile liability insurance and automobile physical damage insurance. Morgan Goudeau & Associates, Inc., is the only named insured. Each section of the policy contains different risks insured against different premiums, different additional insureds, and different conditions and exclusions pertaining to the insurance provided by each particular section. We do not find the policy to be ambiguous and conclude that the different sections of the policy are separate and distinct such that the provisions of one section do not apply or carry over to other sections. A review of the plain provisions of the policy reveals that Roy is an insured under the comprehensive general liability section of the policy but he is not an insured under the automobile liability section of the policy. The comprehensive general liability section of the policy specifically excludes from coverage bodily injury or property damage arising out of the ownership, maintenance, or operation of any automobile owned by any person in the course of his employment with the named insured. Therefore, we conclude that the trial judge clearly erred in concluding that Travelers' claim should be rejected under the well recognized rule that an insurer is not entitled to subrogate against its own insured.
Subrogation is the substitution of one person to the rights of another. LSA-C.C. Art. 1825. Through subrogation, an obligation which is extinguished with regard to the subrogor is continued to the benefit of the subrogee who is authorized to the extent that he has paid to avail himself of the rights and actions of the original subroger. See Niemann v. Travelers Ins. Co., 368 So.2d 1003 (La.1979); 4 Aubry et Rau, Cours de Droit Civil Francais, no. 321 (6th ed. 1946). A subrogee is "figuratively put in the shoes of the creditor which means that all laws applicable to the latter, in the enforcement of rights and remedies, apply with equal force to the former." International Paper Co. v. Arkansas & Louisiana M.R. Co., 35 So.2d 769 (La.App. 2nd Cir.1948).
Although we conclude that Travelers is not precluded from enforcing its rights of subrogation derived from Comeaux, Bert and Goudeau under the aforestated recognized principle that an insurer is not entitled to subrogate against its own insured, Travelers' legal right to subrogate, under the particular circumstances of this case, is brought into serious question by the provisions of LSA-R.S. 9:3921 which was enacted and became effective July 2, 1984, and provides as follows:

"A. Notwithstanding any provision in Title III of Code Book III of Title 9 of the Louisiana Revised Statutes of 1950 to the contrary, every master or employer is answerable for the damage occasioned by his servant or employee in the exercise of the functions in which they are employed. Any remission, transaction, compromise, or other conventional discharge in favor of the employee for such damage shall be valid as between the damaged creditor and the employee and the employer shall have no right of contribution, division, or indemnification from the employee nor shall the employer be allowed to bring any incidental action under the provisions of Chapter 6 of Title I of *481 Book II of the Louisiana Code of Civil Procedure against such employee.

B. The provisions of this Section are remedial and shall be applied retrospectively and prospectively to any cause of action for damages arising prior to, on, or after the effective date of this Section." (Emphasis added.)
Although Travelers acquired its rights of subrogation long prior to the enactment of R.S. 9:3921, if the provisions thereof are entitled to retrospective application, as expressed in Section B, Goudeau and its subrogee, Travelers, are not entitled to any right of indemnification against Roy and the right of Travelers to enforce the subrogation rights acquired by it from Comeaux and Bert is brought into serious question.
Since R.S. 9:3921 was neither in effect at the time the subrogation agreements were executed nor at the time of trial on the merits, we believe it would be fundamentally unfair for this court to consider this issue without allowing the parties an opportunity to relitigate this matter at the trial level, with leave being granted to all parties to file such amended pleadings and adduce such additional evidence as they deem necessary.
For the above and foregoing reasons the judgment of the trial court is reversed and this matter is remanded to the trial court for further proceedings consistent with the views expressed. Costs of this appeal are to be borne equally by Cyrus Roy and Travelers Insurance Company. The assessment of costs at the trial level are to await a final determination of this matter.
REVERSED AND REMANDED.