362 So.2d 1186 (1978)
AETNA INSURANCE CO. et al.
v.
GENERAL ELECTRIC CO.
No. 9084.
Court of Appeal of Louisiana, Fourth Circuit.
September 12, 1978.
Rehearing Denied October 19, 1978.
Michael R. Sistrunk, Hugh M. Glenn, Jr., New Orleans, for plaintiffs-appellees.
William A. Porteous, III, New Orleans, for defendant-appellant.
*1187 Before REDMANN, STOULIG and SCHOTT, JJ.
REDMANN, Judge.
The manufacturer of an electric transformer appeals from a judgment for $211,305.90 damages the transformer suffered from a lightning-caused current surge of 5.6 times normal current. The transformer would have withstood that surge (and up to 11.8 times normal) had it possessed the impedance quality the manufacturer declared it had in the contract of sale and upon a plate affixed to the transformer. We affirm the award.
The case is controlled by La.C.C. 2547:
A declaration made by the seller, that the thing sold possesses some quality which he knows it does not possess, comes within the definition of fraud, and ought to be judged according to the rules laid down on the subject, under the title: Of Conventional Obligations.

It may, according to circumstances, give rise to the redhibition, or to a reduction of the price, and to damages, including reasonable attorneys' fees, in favor of the buyer.
We note the difference between the manufacturer's declaring the thing to have a quality it does not have, and failing to declare a defect. Louisiana law imputes to a manufacturer knowledge of his products' constitution, Moreno's Inc. v. Lake Charles Cath. High, La.1975, 315 So.2d 660. The fairness of treating imputed knowledge of defects as "suppressed" by a manufacturer without actual knowledge has been questioned (Campbell, The Remedy of Redhibition: A Cause Gone Wrong, 1974, 22 La.B.J. 27, 29-31), but that problem is not present here. This is not a suppression case but an assertion case. C.C. 1847(5) makes either "an assertion of what is false, or a suppression of what is true" fraud, if designed to obtain an unjust advantage. We deem it an unjust advantage to obtain a sale by misrepresentation. A manufacturer who in fact does not know of a defect in his product cannot reveal it to the buyer. But our manufacturer could have refrained from making an assertion, the truth or falsity of which it did not know. That theoretical calculations formed a basis for a belief in the truth of the assertion does not justify making the assertion unqualifiedly. The manufacturer here could, in all honesty, only have asserted that its hopes for this huge transformer's surge-withstanding quality depended on projections from data derived from smaller transformers. If the confessed fact that this manufacturer did not know whether its representation was true does not suffice as knowledge of its falsity for purposes of C.C. 2547, we apply Moreno's imputation to charge the manufacturer with knowledge that the declared characteristic was not present. Thus the manufacturer is liable for the damages.
The manufacturer argues that, in its contractual warranty's words, it "shall not be required to correct any defects which may appear . . . after one year from the date [the equipment] is first put in service." Perhaps a manufacturer can never stipulate against warranty; see C.C. 2531, 2d para., as amended, Acts 1974 No. 673; Barham, Redhibition: A Comparative Comment, 1975, 49 Tulane L.Rev. 376, 387-388; Comment, Modification or Renunciation of Warranty in Louisiana Sales Transactions, 1972, 46 Tulane L.Rev. 894, 901-902. But, if the contractual wording constitutes a renunciation of warranty, it is ineffective: it "is not obligatory, where there has been fraud on the part of the seller", C.C. 2548, and we deem the "assertion of what is false", C.C. 1847(5), to obtain an unjust advantage to constitute fraud. Furthermore, the transformer (like the pipe erroneously declared high-pressure pipe in Louisiana Iron & S. Co. v. Galloway, 2 Cir. 1927, 6 La.App. 218) was not defective; it merely did not have the impedance quality it was declared to have.[1]
Affirmed.
NOTES
[1] It may even be argued that such cases are breaches not of the seller's obligation of warranty, but of his obligation to deliver the thing sold, C.C. 2475. Compare the theory of failure of consideration set forth in Comment What Chance for the New Car Purchaser of a "Lemon"?, 1974, 62 Ky.L.J. 557, 559.