369 So.2d 255 (1979)
James Lynn MARTIN
v.
CORAL GABLES ACADEMY AND INSTITUTE OF READING, INC., d/b/a "Gables Academy".
No. 9902.
Court of Appeal of Louisiana, Fourth Circuit.
March 7, 1979.
Rehearing Denied April 16, 1979.
Writ Refused June 11, 1979.
Henry P. Dart, III, New Orleans, for plaintiff-appellant.
Salvatore Panzeca, Suzette L. Powers, New Orleans, for defendant-appellee.
Before GULOTTA, SCHOTT and BEER, JJ.
*256 BEER, Judge.
This is a suit for damages for an alleged breach of a written contract for employment brought by James Martin on behalf of his wife, Denise, against her former employer. The trial court dismissed the suit with written reasons, and Martin appeals.
Denise Martin was employed as a science and mathematics teacher by Gables Academy, a private school specializing in the education of children with learning disabilities. She was employed for the "school year" but was discharged in March, prior to the completion of the school year, and seeks damages and the balance of her salary, contending that she was fired without any serious ground of complaint. The school denies that the firing was without serious ground of complaint, and the trial court's judgment indicates acceptance of the school's contention that Martin created and persisted in causing a lack of harmony among the staff of the school because of her strongly expressed difference of opinion with the school administration concerning student discipline. Her actual teaching ability was not faulted and is not at issue in these proceedings.
Since plaintiff alleged that she was fired without any serious ground of complaint and sought recovery under application of La.C.C. art. 2749, the defendant's denial of that allegation and the subsequent introduction of evidence on the issue without objection obviates our need to further consider the procedural contentions advanced by able counsel for appellant. See LSA-C. C.P. art. 1154; Gonzales v. Southwest Mobile Homes, Inc., 309 So.2d 780 (La.App. 3rd Cir. 1975); Randazzo v. Meraux, 27 So.2d 740 (La.App.Orl.1946).
The school director, William Hottenstein, testified that he decided to terminate Martin because she created discord among the faculty and was constantly at odds with the school's disciplinary policy. He was of the view that a small group of teachers who met before school hours in Martin's classroom was responsible for a negative attitude toward the school's objectives regarding student discipline and that Martin was the leader of that faction. He was also of the view that Martin's rapport with many of the students was negative and left much to be desired. He felt that her attitude was to "get" the students rather than seek to improve their discipline. He testified that he had discussed disciplinary problems with Martin on various occasions, including weekly faculty meetings, and that such discussions always resulted in unresolved arguments. He testified that after one specific conference on the subject of student discipline, there was no improvement in her actions or in her relationship with the school administration. He concluded that she was (in his view) at the root of the problem of faculty disunity especially because of her behavior at faculty meetings and was negatively affecting the attitudes of other teachers. He finally fired her because she was overtly undermining his authority within the school. He stated that she "never adjusted her personal educational philosophies to meet the needs of my particular school in the unique setting in which it was run."
Arthur Williams, former assistant director, testified that Martin's attitude regarding school discipline was destructive, and noted that discipline is a different sort of problem in a school that is dealing with children who have learning disabilities. He stated that earlier in the school year, he had requested that Martin bring her disciplinary problems to the attention of the administration because unity was important; however, she did not honor this request. He stated that Martin's unwillingness to accept the school's position regarding discipline caused a disruptive effect at the weekly faculty meetings.
Mrs. K. H. Applewhite, a teacher whose bias was suggested by opposing counsel because of her acknowledgement that she had passed the age of retirement and could not easily find another teaching job, testified that Martin disrupted the faculty meetings and embarrassed Mr. Hottenstein. It was her opinion that the overall faculty attitude improved after Martin was fired.
*257 Essentially, the school's position is that Martin's expressed views and actions with regard to the issue of student discipline created disunity among faculty and students. The school administration concluded that her termination two months before the close of the school year was compellingly necessary to preserve control of the students and to achieve proper performance by the faculty and was, accordingly, justified by the provisions of LSA-C.C. art. 2749.
Martin admitted that she may have criticized the lax discipline at Gables, but she denied ever having formed a "clique" and denied having provoked consistent confrontations with the school administration at faculty meetings.
Susan Shexnayder, a fellow teacher and acknowledged as an expert in the learning disability field, testified that plaintiff experienced no more disagreement with administrative policies than other teachers at Gables. She concluded that Martin was not a disrupting influence at the faculty meetings and that faculty disunity did not disappear after Martin was fired.
Mary Jaynes, another fellow teacher, testified that the early morning meetings in Martin's room were not gripe sessions and corroborated Shexnayder's testimony with regard to continued faculty disunity after Martin's departure. She testified that Martin maintained a good rapport with her students.
Accepting the basic contention that faculty unity is especially important in a school such as this and that subversion of that unity is a serious ground of complaint, the trial judge has made a credibility call regarding the facts to be considered. Since the trial judge is in the best position to determine credibility of witnesses, his finding of fact is entitled to great weight. See Blue Streak Enterprises v. Cherrie, 263 So.2d 734 (La.App. 4th Cir. 1972), and Green v. State, Southwest Louisiana Charity Hospital, 309 So.2d 706 (La.App. 3rd Cir. 1975).
Although the record does not, in our view, establish that Martin was the cause of faculty disunity at Gables, the evidence presented by defendants supports the trial court finding that her relationship with the administration and with some students was not harmonious and had developed into a serious problem for the administration and thus constituted a "serious ground of complaint" justifying her termination. The judgment of the trial court is supported by the record, is not manifestly erroneous, and must, accordingly, be affirmed. Each party is to bear its own cost of this appeal.
AFFIRMED.