PRICE, Judge.
Plaintiff filed suit to rescind a sale of outdoor light fixtures against its vendor, John L. Healy and Associates, and the manufacturer, Emco, Inc. Healy filed a third party demand against Emco. The trial court rendered judgment in favor of plaintiff against both defendants and in favor of Healy on its third party demand, and fur *874 ther awarded judgment in favor of plaintiff against Emco for attorney fees. Both defendants appeal. We amend the judgment to increase the award for plaintiffs attorney fees and otherwise affirm.
In 1974 the city of Shreveport undertook the construction of lighted outdoor tennis courts as part of a recreational complex facility in the Southern Hills area of the city. Plans for the project were developed by the city’s architect and consulting engineer and included performance specifications for lighting fixtures to be used. The subcontractor responsible for installation of the fixtures arranged to purchase them through plaintiff, Sale Electric Supply, Inc., a retail distributor.
Sale was contacted by David Curd, an employee of John Healy and Associates of Dallas. Healy was a sales representative for several manufacturers of lighting equipment and after discussing the plans and specifications of the project with the city’s architect and engineer, Curd proposed to supply Sale with fixtures manufactured by Emco, Inc., a company specializing in outdoor lighting fixtures. After receiving assurance from Curd that the Emco fixtures would meet the required specifications, Sale accepted his proposal. Emco manufactured the fixtures and sold them to Healy who in turn sold them to Sale.
After the lighting was installed it became apparent that it did not meet the specifications. Attempts to rectify the problems were unsuccessful and Sale was required to replace the light fixtures. This suit ensued.
The trial court found that both Healy and Emco were aware of the performance specifications and warranted that the light fixtures they provided would meet those specifications. Since the fixtures did not meet the specifications the court found them defective and rendered judgment in favor of plaintiff against both defendants. It also held that Emco, as the manufacturer, was presumed to know of the defect and was consequently liable for plaintiff’s attorney fees. It further held that since Healy was merely Emco’s representative and had no actual knowledge of the defect, it was entitled to judgment against Emco on its third party demand.
Emco appeals contending the trial court erred in the following respects:
(1) in finding that Emco had knowledge of the performance specifications:
(2) in finding the light fixtures defective and imputing the knowledge of this defect to Emco;
(3) in finding Healy was Emco’s representative in its transactions with Sale.
Although Healy has also appealed, it makes no assignment of error.
Curd testified that after his initial consultations with plaintiff and the city’s architect and engineer, he contacted Ed Manning, Emco’s president, to determine whether its products could meet the required specifications. He testified that after his discussions with Manning and other Emco employees, Emco suggested a particular fixture and indicated it would be sufficient to meet the city’s needs. At Curd’s request, Emco prepared and sent to plaintiff a drawing showing the dimensions of the court and the proposed number and placement of the- fixtures.
Curd also testified plaintiff later requested that Healy issue a guarantee that the lighting fixtures to be supplied by Emco would meet the performance specifications. Curd contended he again contacted Manning and after discussing the matter with him and obtaining his approval, sent plaintiff a letter stating that the lighting would meet the city’s specifications if installed according to the drawing previously provided by Emco.
Although Manning denied having discussed the performance specifications with Curd, we find no error in the trial court’s conclusions that Emco knew of the specifications and represented that their product would meet them.
Emco also contends there was no defect involved in this case but at most a misrepresentation by Healy as to the quality of the thing sold; and unlike knowledge of a defect, knowledge of misrepresentation cannot be imputed to it.
Civil Code Article 2547 provides:
*875 A declaration made by the seller, that the thing sold possesses some quality which he knows it does not possess, comes within the definition of fraud, and ought to be judged according to the rules laid down on the subject, under the title: Of Conventional Obligations.
It may, according to circumstances, give rise to the redhibition, or to a reduction of the price, and to damages, including reasonable attorneys’ fees, in favor of the buyer. *
In Aetna Ins. Co. v. General Electric Co., 362 So.2d 1186 (La.App.4th Cir.1978) the court applied this article to a manufacturer with the following explanation:
We note the difference between the manufacturer’s declaring the thing to have a quality it does not have, and failing to declare a defect. Louisiana law imputes to a manufacturer knowledge of his products’ constitution, Moreno’s Inc. v. Lake Charles Cath. High, La. 1975, 315 So.2d 660. The fairness of treating imputed knowledge of defects as “suppressed” by a manufacturer without actual knowledge has been questioned (Campbell, The Remedy of Redhibition: A Cause Gone Wrong, 1974, 22 La.B.J. 27, 29-31), but that problem is not present here. This is not a suppression case but an assertion case. C.C. 1847(5) makes either “an assertion of what is false, or a suppression of what is true” fraud, if designed to obtain an unjust advantage. We deem it an unjust advantage to obtain a sale by misrepresentation. A manufacturer who in fact does not know of a defect in his product cannot reveal it to the buyer. But our manufacturer could have refrained from making an assertion, the truth or falsity of which it did not know. ... If the confessed fact that this manufacturer did not know whether its representation was true does not suffice as knowledge of its falsity for purposes of C.C. 2547, we apply Moreno’s imputation to charge the manufacturer with knowledge that the declared characteristic was not present. Thus the manufacturer is liable for the damages.
From this analysis it is clear that where the manufacturer represents to the buyer that its product will meet certain performance requirements and the product does not in fact meet those requirements, the manufacturer will be presumed to have known that the representations were untrue. See Peoples Furniture and Gift v. Carson Hicks/Friedrichs Refrigeration, Inc., 326 So.2d 919 (La.App.3d Cir.1976). Consequently we must determine whether Emco represented to plaintiff that its light fixtures would meet the performance specifications.
Emco contends the trial court erred in finding Healy to be its representative in the transactions with plaintiff. Although Healy normally sold products for Emco on a commission basis, this particular transaction was accomplished by two distinct sales — one from Emco to Healy and another from Healy to plaintiff. Under these circumstances Emco contends it cannot be bound by any representations made by Healy to plaintiff.
We do not agree. Emco was aware that the light fixtures purchased by Healy were to be resold to plaintiff specifically for the purpose of lighting an outdoor tennis court. It was aware that certain performance specifications were required of the fixtures and represented to Healy that these specifications would be met. When these representations to Healy were made, Emco knew they would be transmitted to plaintiff and even specifically authorized their transmission. Under these circumstances, Healy’s representations to plaintiff regarding the quality of the fixtures were directly attributable to and binding on Emco.
Plaintiff has answered defendants’ appeals seeking an increase in the award of attorney fees. The trial court awarded $4,050 to plaintiff on the basis of $50 per hour for a total of 81 hours. We find an increase of $500 to compensate plaintiff’s attorney for time spent on appeal is reasonable.
The judgment is amended to award a $500 increase in the award of attorney fees and otherwise is affirmed.