402 So.2d 237 (1981)
Lois B. OSTROLENK
v.
The LOUISE S. McGEHEE SCHOOL.
No. 11480.
Court of Appeal of Louisiana, Fourth Circuit.
July 7, 1981.
Writ Denied September 28, 1981.
*238 Lanny R. Zatzkis, New Orleans, for plaintiff-appellee.
Denechaud & Denechaud, Thomas A. Rayer, New Orleans, for defendant-appellant.
Before SAMUEL, REDMANN and BOUTALL, JJ.
SAMUEL, Judge.
Plaintiff filed this suit against The Louise S. McGehee School to recover $11,865.50 resulting from an alleged breach of contract committed by the defendant in refusing to honor a contract of employment for the 1978-1979 school year. The contract employed plaintiff to teach music at defendant's institution. Plaintiff sought $11,000 in salary, $200 in loss of a deferred annuity, and $665.50 as a lost social security contribution which would have been made by defendant on her behalf.
Defendant answered admitting plaintiff had been offered employment, but denying the allegations of the petition, asserting no valid contract ever existed between plaintiff and defendant because the offer and acceptance of employment were vitiated and made null and void by plaintiff's perpetration of fraud, mistake, or misrepresentation by plaintiff's failure to disclose to defendant the circumstances surrounding her last place of employment and her termination from it. The answer also avers plaintiff was advised the offer of employment was withdrawn by July 7, 1978 and therefore she had ample time within which to seek other employment as a teacher for the 1978-1979 school year.
After a trial on the merits, judgment was rendered in favor of plaintiff in the amount of $11,000. Defendant has appealed. The facts are not in dispute; we are presented only with issues of law.
On May 22, 1978, plaintiff applied for the position of music teacher with defendant, a private girls' school in New Orleans. She completed a written employment application and was interviewed by the school's head mistress, Mrs. Maria Fernandez.
The application included a portion of plaintiff's previous experience as a music teacher and, insofar as the academic year 1977-1978 was concerned, plaintiff indicated only that she had engaged in activities as a "private piano teacher."
Although Mrs. Fernandez did not specifically ask plaintiff about her professional activities "during the 1977-1978 academic year" she nevertheless orally inquired into plaintiff's latest activities. Plaintiff reaffirmed the statement previously made in her application that she had been engaged in private piano teaching. Plaintiff also was interviewed by the music teacher then teaching at the defendant school, who also orally inquired about plaintiff's latest professional activities. Plaintiff related the same statement to the music teacher.
Both defendant's head mistress and the music teacher recommended plaintiff for the position, and defendant offered employment to plaintiff on June 1, 1978. The offer of employment was returned signed by plaintiff, dated June 7, 1978.
Shortly thereafter defendant's head mistress learned plaintiff had been employed at another private school in the New Orleans area for most of the 1977-1978 academic *239 year, but during May, 1978 her employment at that school had been terminated. This fact had not been disclosed on plaintiff's application form, nor did she disclose it in her interviews with either defendant's head mistress or the music teacher.
On June 30, 1978 the head mistress wrote to plaintiff advising her she had learned of plaintiff's termination by the other private school and stating an explanation of this fact on her part was in order. Plaintiff's only response was that the matter was a serious one and could not, in her opinion, be handled by mail. On July 7, 1978 defendant's head mistress wrote plaintiff stating the defendant school felt it was under no obligation to honor the employment offer extended to plaintiff because of her deliberate omission of her recent employment and dismissal from the other private school. This suit followed.
It is clear plaintiff possesses the necessary qualifications to perform the position for which she applied. It is also clear defendant withdrew employment because plaintiff omitted to inform defendant of her dismissal from the private school during the 1977-1978 school year, and that the withdrawal of employment was not based upon the reason for plaintiff's dismissal. It is also clear that while neither defendant's head mistress nor its music teacher asked plaintiff what her activities were "during the 1977-1978 academic year", their inquiries at the respective interviews were directed to this period of time, and plaintiff either misstated or omitted to state the true facts.[1]
Plaintiff bases her claim to recover the contract amount on Civil Code Article 2749, which provides:
"If, without any serious ground of complaint, a man should send away a laborer whose services he has hired for a certain time, before that time has expired, he shall be bound to pay to such laborer the whole of the salaries which he would have been entitled to receive, had the full term of his services arrived." LSA-C.C. Art. 2749.
This article has been applied to various types of employment, including a traveling salesman,[2] an actor employed for "the season",[3] a teacher in a private school,[4] the manager of an insurance company casualty section,[5] and the general manager of a radio station.[6] However, in each of these cases it was established that a valid contract of employment in fact existed prior to suit being filed.
We conclude the uncontested facts establish an error existed as to the nature or character of the person of the plaintiff sufficient to invalidate the contract under Civil Code Articles 1823 and 1826, which read:
"Errors may exist as to all the circumstances and facts which relate to a contract, but it is not every error that will invalidate it. To have that effect, the error must be in some point, which was a principal cause for making the contract, and it may be either as to the motive for making the contract, to the person with whom it is made, or to the subject matter of the contract itself." LSA-C.C. Art. 1823 (Emphasis ours).
"No error in the motive can invalidate a contract, unless the other party was apprised that it was the principal cause of the agreement, or unless from the nature of the transaction it must be presumed that he knew it." LSA-C.C. Art. 1826.
In the present case plaintiff knew she was applying for employment with a private girls' school, and it is common knowledge *240 that the success of such an institution depends on the image and reputation projected by it. That image is used by the public in general to measure the quality, character, and integrity of the school and its faculty.
Plaintiff had taught in private schools, and must have been aware that the character of its faculty members is a major concern of the school's administration, second only perhaps to the faculty member's ability. Plaintiff's omission of her employment and firing from her previous employment amply demonstrates she was aware of this fact, and this omission creates a presumption of her knowledge that her character or ability was a principal cause of her hiring.[7]
The need for a faculty with impeccable integrity and sufficient ability in a private girls' school is a principal cause in the hiring of its teachers. The error induced in defendant by plaintiff's omission went to the motive for making the contract and, as such, invalidated it from its inception.[8]
The proposition has been stated at 78 C.J.S. "Schools and School Districts" § 187, pp. 1043-44, as follows:
"A false representation of a material fact by the teacher, with knowledge of its falsity, with intent to induce the school authorities to enter into a contract of employment to teach, constitutes fraud sufficient to entitle the school authorities to avoid the contract."
Moreover, Civil Code Article 1832 provides:
"In all cases, however, when the information which would have destroyed the error, has been withheld by the other party to the contract, it comes under the head of fraud, and invalidates the contract." LSA-C.C. Art. 1832.
This court, in Aetna Ins. Co. v. General Elec. Co.,[9] observed that under Civil Code Article 1847(5) either an assertion of what is false or a suppression of what is true constitutes fraud if such action is designed to obtain an unjust advantage.
Defendant's head mistress testified the contract was terminated because of plaintiff's omission of unfavorable facts and not because of the truth of anything stated against her. In view of her desire to obtain employment, plaintiff's omission to state facts unfavorable to her is both human and understandable. Nevertheless, this omission induced an error in defendant as to a principal cause of the contract by which plaintiff was hired and renders the contract null from its beginning.
Particularly under the circumstances of the present case, we reject plaintiff's argument that her silence was merely a normal part of the routine of obtaining employment, and that the burden was upon defendant to obtain any factual evidence to determine her lack of fitness for the position. This argument likens the employment of a teacher for a private girls' school to an adversary proceeding.
For the reasons assigned, the judgment appealed from is reversed, and it is ordered that there be judgment dismissing plaintiff's suit. Plaintiff is to pay all costs in both courts.
REVERSED.
NOTES
[1] Plaintiff testified she was aware disclosure of her termination at the other private school would jeopardize her chance of employment with defendant. She also stated she wanted to give the references available in order to obtain the employment.
[2] Dunbar v. Orleans Metal Bed Co., 145 La. 779, 82 So. 889.
[3] Camp v. Baldwin-Melville Co., 123 La. 257, 48 So. 927.
[4] Martin v. Coral Gables Academy, La.App., 369 So.2d 255.
[5] Van Denburgh v. H. T. Higginbotham, Inc., 168 La. 461, 122 So. 581.
[6] Carlson v. Ewing, 219 La. 961, 54 So.2d 414.
[7] See LSA-C.C. Art. 1826, quoted above.
[8] See Housecraft Div. of Southern Siding Co. v. Tatum, La.App., 130 So.2d 524.
[9] La. App., 362 So.2d 1186.