STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 05-1401

TALIB EL-AMIN

VERSUS

RAPIDES PARISH SCHOOL BOARD

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 217,283 - E
HONORABLE BRUCE C. BENNETT  JR., DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**BILLY HOWARD EZELL**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Michael G. Sullivan, Billy Howard Ezell, and James T. Genovese, Judges.

**REVERSED AND REMANDED.**

**Brian D. Cespiva**
**Gravel, Cespiva, & Wilkerson**
**P. O. Box 1792**
**Alexandria, LA 71309-1792**
**(318) 487-4501**
**Counsel for Plaintiff/Appellant:**
**Talib El-Amin**

**Laura Norton Sylvester**
**Passman & Michiels**
**P. O. Box 13020**
**Alexandria, LA 71315-3020**
**(318) 445-4516**
**Counsel for Defendant/Appellee:**
**Rapides Parish School Board**

**EZELL, JUDGE**.

Talib El-Amin appeals a summary judgment rendered in favor of the Rapides Parish School Board (School Board). Mr. El-Amin filed suit against the School Board claiming that the School Board breached their employment contract by terminating him. On appeal he claims the trial court erred in finding that he gave false statements on his employment application regarding his criminal history, thereby nullifying his employment contract.

## FACTS

In 2001, Mr. El-Amin filled out an application for employment with the School Board. Later, in September 2002, Mr. El-Amin filled out an application for a position as a substitute teacher with the School Board. One of the questions on the application asked, "Have you ever been arrested for any crime, whether a felony or misdemeanor? If yes, give details below including conviction or guilty pleas." In reply Mr. El-Amin stated, "Please contact: Richard V. Burnes Attorney at Law (318) 442-4300."

After Mr. El-Amin submitted this application, he was interviewed by a Mr. McGee and a Ms. Miller. He also interviewed with the principal of North Bayou Rapides Elementary, Mr. Patrick. There was no discussion about his criminal history, and the principal indicated that he would check the references. Mr. El-Amin stated that he worked as a substitute teacher for the School Board in 2002.

Around December 2002, Mr. El-Amin began work for the School Board as a child specific aide. He once again filled out some paperwork with the School Board which was signed on January 14, 2003. In this paperwork, Mr. El-Amin indicated that he had been charged with a misdemeanor but offered no explanation on the space provided. He then indicated that he was convicted of a misdemeanor and provided that it was for "criminal mischief" in the space provided. He further checked that he

1

had been charged with a felony and indicated "Contact Richard Burns 442-4300" in the space provided. He checked the box that he had never been convicted of a felony. On August 12, 2003, Mr. El-Amin signed a contract as a child specific aide with the Rapides Parish School Board for a period from August 18, 2003 to May 31, 2004.

In his deposition testimony, Mr. El-Amin indicated that he had pled guilty to some charges concerning insurance fraud on August 11, 2003. He agreed that he did not notify the School Board of his court appearance or plea.

On December 11, 2003, Mr. El-Amin received a letter from the School Board notifying him that he was going to be terminated before the end of his contract. After additional correspondence, a pre-termination conference was held on January 26, 2004. The School Board terminated Mr. El-Amin based upon his prior arrest. Mr. El-Amin then filed the present suit for breach of contract.

On July 11, 2005, the School Board filed a motion for summary judgment. The trial court granted the School Board's motion for summary judgment and dismissed Mr. El-Amin's claims against it. Mr. El-Amin filed the present appeal.

### DISCUSSION

Grants of summary judgment are reviewed by the appellate courts *de novo*, using the same criteria that the trial court used in determining whether summary judgment was appropriate, *i.e.*, whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. *Champagne v. Ward*, 03-3211 (La. 1/19/05), 893 So.2d 773. Louisiana Code of Civil Procedure Article 966(C)(2) provides that the mover bears the initial burden of proof. If the mover meets the initial burden, the burden then shifts to the opposing party to establish that he will be able to satisfy the evidentiary burden at trial. *Champagne*, 893 So.2d 773. If the opposing party fails to meet this burden, there is no genuine issue and the

2

mover is entitled to summary judgment. *Id.*

A genuine issue of material fact "exists where reasonable persons, after considering the evidence, could disagree." *P. Charles Calahan, APLC v. Scottsdale Ins. Co.*, 05-98, p.12 (La.App. 3 Cir. 6/1/05), 903 So.2d 1251, 1259 (*quoting Suire v. Lafayette City-Parish Consol. Gov't*, 04-1459, 04-1460, 04-1466, p. 11 (La. 4/12/05), 907 So.2d 37, 48). "'A fact is 'material' if it is one that would matter at trial on the merits.'" *Id.* at 1260.

In its reasons for judgment, the trial court found that Mr. El-Amin had not been forthcoming with his answer on the application for employment regarding his status as a defendant in criminal proceedings and that the School Board did not have a duty to investigate the application. The trial court found that Mr. El-Amin's silence on the pending felony charges resulted in error sufficient to vitiate consent.

The employment contract signed by Mr. El-Amin on August 12, 2003, did provide, in pertinent part:

> The parties agree that the Board's execution of this contract with Employee is based in part on information supplied by Employee in Employee's application for employment; in the event that Employee supplies false or misleading information or omits material information from the application which, if known, would have likely have affected the Board's consideration of this employment, then the Board may terminate this contract provided it complies with all laws regarding tenure and dismissal.

"Consent may be vitiated by error, fraud, or duress." La.Civ.Code art. 1948. "Error vitiates consent only when it concerns a cause without which the obligation would not have been incurred and that cause was known or should have been known to the other party." La.Civ.Code art. 1949.

In *Ostrolenk v. Louise S. McGehee School*, 402 So.2d 237 (La.App. 4 Cir.), *writ denied*, 404 So.2d 1259 (La.1981), the fourth circuit held that a teacher's omission on her employment application of her termination at another private school

3

during the previous year established that error existed as to the principal cause of the contract. This omission rendered the contract null from its beginning.

In *Bischoff v. Brothers of the Sacred Heart*, 416 So.2d 348 (La.App. 4 Cir. 1982), the fourth circuit again found that there was a breach of a teaching contract when a teacher hired at a Catholic school checked off "Practicing Catholic: Yes" and under "Marital Status" noted "Married" when the applicant had been married in a Catholic church, divorced, and remarried. The court found that the applicant had intentionally concealed his marital status because a latter conversation with one of the school leaders revealed that he knew he would not have been hired as a religion teacher if he had revealed his true status.

In *LaCross v. Cornerstone Christian Academy of Lafayette*, 04-341 (La.App. 3 Cir. 12/15/04), 896 So.2d 105, *writ denied*, 05-128 (La. 3/24/05), 896 So.2d 1037, this court held that a teacher's answer on an employment application that she did not drink alcohol, and her signature on the application indicating that her answers were complete and correct, constituted induced error that vitiated the school's consent to the employment contract. The summer after the teacher had executed the contract, the school learned that she had gone out with co-workers and admitted drinking four to five beers.

In all of these cases, it was obvious that the applicants for teaching positions had intentionally withheld information or lied on their applications. While Mr. El-Amin may not have given as detailed information as the School Board would like, there is a question of whether he purposefully withheld information. He was very forthcoming that he had been charged with a felony and indicated on the form whom the School Board could contact regarding the charges. We do note that Mr. El-Amin signed the actual contract of employment the day after he pled guilty to certain felony

4

offenses. He agrees that he did not notify the School Board of his plea or court appearance. However, there are questions of material fact that need to be resolved as to whether the School Board's consent to the employment contract was vitiated by error. The School Board knew that Mr. El-Amin had been charged with a felony, yet it either failed or refused to seek and inquire further.

For the reasons set forth in this opinion, the trial court's grant of summary judgment in favor of the Rapides Parish School Board is reversed, and this case is remanded to the trial court for further proceedings. Costs of this appeal are assessed to the Rapides Parish School Board.

**REVERSED AND REMANDED.**